# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JOHN K. DORSEY,

        Defendant-Appellant.

UNPUBLISHED
February 16, 2016

No.  324270
Wayne Circuit Court
LC No.  14-003557-FH

Before:  SERVITTO, P.J., and SAAD and O'BRIEN, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of felon in possession of a firearm, MCL 750.224f; carrying a concealed weapon, MCL 750.227; and possession of a firearm during the commission of a felony (felony firearm), second offense, MCL 750.227b.  The trial court sentenced defendant to concurrent sentences of five years' probation for his felon in possession of a firearm and carrying a concealed weapon convictions and to five years' imprisonment for his felony firearm conviction.  We affirm.

On October 29, 2013, Detroit police officers were patrolling an area of Detroit, in a marked vehicle, when they approached what appeared to be a vacant home.  Defendant and two other men were standing near the back of the home and, when they saw the patrol car approaching, defendant began walking toward the back door of the home while digging at the side of his waistband.  Two of the officers ran toward defendant and defendant entered the home.  One officer heard another of the officers yell "gun," heard a woman scream and a child cry, and thereafter forced entry into the home.  A handgun was recovered from an area of the basement where defendant had been observed.

Defendant first alleges that his trial counsel was ineffective because she failed to move for a hearing to suppress the gun seized by police during the warrantless search.  A defendant preserves a claim of ineffective assistance of counsel by raising the issue in a motion for a new trial or a motion for a *Ginther*[1] hearing in the trial court.  *People v Petri*, 279 Mich App 407,

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

-1-

410; 760 NW2d 882 (2008). Because defendant did neither, the issue is unpreserved. This Court reviews an unpreserved claim of ineffective assistance of counsel for "mistakes apparent on the record." *Id.* "A trial court's findings of fact, if any, are reviewed for clear error, and this Court reviews the ultimate constitutional issue arising from an ineffective assistance of counsel claim de novo." *Id.*

A defendant is entitled to the assistance of counsel. US Const, Am VI; Const 1963, art 1, § 20. The right to counsel has long been recognized as the right to the effective assistance of counsel. *People v Mitchell*, 454 Mich 145, 152; 560 NW2d 600 (1997). To establish that counsel's performance was ineffective, a defendant must show that "(1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). To prevail on a claim of ineffective assistance of counsel, the defendant must overcome the strong presumption that counsel's performance was sound trial strategy. *Strickland v Washington*, 466 US 668, 689; 104 S Ct 2052; 80 L Ed 2d 674 (1984).

It is undisputed that officers entered the home where defendant was found without a warrant. However, defendant lacked standing to object to the search of the residence. A defendant has standing to challenge a search if he had "a reasonable expectation of privacy in the place that was searched," and the defendant has the burden of establishing his standing. *People v Powell*, 235 Mich App 557, 561; 599 NW2d 499 (1999). The house searched was not defendant's property or residence, although he was a neighbor of the resident and the resident testified that defendant had permission to enter and leave the home as he pleased. No basis exists to establish that defendant had a reasonable expectation of privacy regarding his neighbor's residence. Without a reasonable expectation of privacy in the residence, defendant lacks standing to object to the warrantless entry onto the premises. Accordingly, there was no successful basis to challenge the warrantless search of the residence. "Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel." *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010). Thus, defendant was not deprived of the effective assistance of counsel on this ground.

Moreover, although there was disputed testimony regarding the condition of the property, the officers involved testified that the residence appeared abandoned and in poor condition with a boarded up window in the back. "Generally, a search conducted without a warrant is unreasonable unless there exist both probable cause and a circumstance establishing an exception to the warrant requirement." *People v Snider*, 239 Mich App 393, 407; 608 NW2d 502 (2000) (internal quotation marks and citation omitted). However, the search and seizure of property perceived as abandoned is "presumptively reasonable" because the property owner does not have an expectation of privacy in abandoned property. *People v Rasmussen*, 191 Mich App 721, 725; 478 NW2d 752 (1991). Objective factors must be evaluated based on the totality of the circumstances to determine whether police officers must obtain a warrant before entering abandoned or vacant structures. *People v Taylor*, 253 Mich App 399, 407; 655 NW2d 291 (2002). Factors to consider include:

> (1) the outward appearance, (2) the overall condition, (3) the state of the vegetation on the premises, (4) barriers erected and securely fastened in all

openings, (5) indications that the home is not being independently serviced with gas or electricity, (6) the lack of appliances, furniture, or other furnishings typically found in a dwelling house, (7) the length of time that it takes for temporary barriers to be replaced with functional doors and windows, (8) the history surrounding the premises and prior use, and (9) complaints of illicit activity occurring in the structure. [*Id.*]

Officers testified that the yard had trash scattered throughout it, with overgrown bushes and grass, and that there was at least one inoperable car parked there. One officer also testified that the police had previous problems in the area of the residence at issue with people being in vacant houses and selling drugs there. Based upon the foregoing, it appears that there was a basis for considering the property to be abandoned.

Finally, even if trial counsel had contested the legality of the search, the prosecution could have established that the exigent circumstances of a possibly armed defendant, running from police and entering the presumably vacant house at issue, necessitated the warrantless entry. Two police officers testified that they observed defendant move quickly toward a house they believed to be abandoned, while aggressively pulling on his right side once he noticed them. One officer testified that, based upon his past experience, defendant's behavior appeared to be that of an armed individual trying to avoid the police. Further, the officer testified that he saw defendant with a gun as he ran into the house. The police are not required to obtain a warrant in emergency situations where they have probable cause to believe that the premises to be searched contain evidence or suspects of a crime. *People v Davis*, 442 Mich 1, 24; 497 NW2d 910 (1993) (citations omitted).

Next, defendant alleges that his right to a fair trial was violated when the trial court pierced the veil of judicial impartiality by questioning a defense witness in a manner meant to discredit the witness's credibility and suggest to the jury the trial court's belief in the prosecution's case. To preserve a claim that the trial court made prejudicial comments or asked prejudicial questions in front of the jury, the defendant must object in the trial court. *People v Sardy*, 216 Mich App 111, 117-118; 549 NW2d 23 (1996). Here, defendant failed to object to the challenged questioning, and the issue was not preserved. Therefore, this Court's review is for plain error affecting defendant's substantial rights. *People v Jackson*, 292 Mich App 583, 597; 808 NW2d 541 (2011).

"A judge's conduct . . . violates the constitutional guarantee of a fair trial when, considering the totality of the circumstances, it is reasonably likely that the judge's conduct improperly influenced the jury by creating the appearance of advocacy or partiality against a party." *People v Stevens*, 498 Mich 162, 171; 869 NW2d 233 (2015). Among the factors that a reviewing court should consider when evaluating the totality of the circumstances are "the nature of the judicial conduct, the tone and demeanor of the trial judge, the scope of the judicial conduct in the context of the length and complexity of the trial and issues therein, the extent to which the judge's conduct was directed at one side more than the other, and the presence of any curative instructions." *Id.* at 172.

In applying the standard set forth in *Stevens*, and under the totality of the circumstances, defendant has failed to establish plain error by the trial judge. Defendant challenges the trial

judge's questioning of defense witness Victor Jones. Officer Fox testified for the prosecution that he saw defendant with a gun right before defendant ran into a house where a gun was found in the basement. Jones testified that he lived in the basement of the house with the resident's daughter, that the gun was his, and that he found the gun in the yard of a nearby abandoned house. Neither the prosecution nor the defense questioned Jones in detail about how he found the gun. Defense counsel asked Jones how he gained possession of the gun, and Jones stated that he found the gun in a yard when he kicked it. Jones testified that he wrapped the gun up in an old shirt, put it behind his bed, and forgot about it. During cross-examination, the assistant prosecutor did not question the witness about how he found the gun, only about how he left a gun in his room and forgot about it, who Jones told about it, and whether it was loaded. The trial court then questioned Jones about how he found the gun and asked several questions about why Jones failed to turn the found gun over to the police. These questions, placed in the context of the questioning and the trial as a whole, were not excessive. The judge also attempted to clarify the testimony of several other witnesses besides Jones, including police officers testifying for the prosecution, and adopted a similar tone with each of the witnesses. Further, the judge permitted the jury to submit questions to him that he then asked of the witnesses. The entire exchange now challenged by defendant only consisted of a few minutes of questioning during a trial that, including jury selection, spanned three days. The issues presented, and the challenged questioning, were not complex. The judge's questioning of Jones was not so biased that it appeared that the judge doubted Jones's testimony and was not adversarial.

Moreover, at the end of the trial, when instructing the jury, the trial court gave the following instruction:

My comments, rulings questions and instructions are also not evidence . . . . However, when I make a comment or give an instruction, I'm not trying to influence your vote or express a personal opinion about the case. If you believe that I have an opinion about how you should decide this case, you must pay no attention to that opinion. You are the only judges of the facts, and you should decide this case from the evidence.

"Jurors are presumed to follow their instructions, and instructions are presumed to cure most errors." *People v Abraham*, 256 Mich App 265, 279; 662 NW2d 836 (2003).

Because the trial court's questioning was not adversarial and did not create an appearance of favoring the prosecution, and the trial court further gave the jury an instruction presumed to cure any error that occurred, we find that the trial judge's questioning of defense witness Jones did not amount to plain error affecting defendant's substantial rights. Because we have also found that defendant's trial counsel was not ineffective for failing to attempt to suppress the evidence of the gun found during a warrantless search, we find no basis to set aside defendant's convictions. Accordingly, we affirm the trial court's judgment.

Affirmed.

/s/ Deborah A. Servitto
/s/ Henry William Saad
/s/ Colleen A. O'Brien

-4-