# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

CHARLIETTE AGNES STALLING,

Defendant-Appellant.

UNPUBLISHED
May 26, 2016

No. 325282
Macomb Circuit Court
LC No. 2014-001071-FC

Before: GADOLA, P.J., and SERVITTO and SHAPIRO, JJ.

PER CURIAM.

Defendant was convicted by a jury of first-degree felony murder, MCL 750.316(1)(b), and first-degree child abuse, MCL 750.136b(2).[1] She was sentenced to life imprisonment without parole for the felony murder conviction and 225 months to 50 years' imprisonment for the first-degree child abuse conviction. Defendant appeals as of right. We affirm.

## I. BACKGROUND FACTS

This case arises out of the death of defendant's two-week-old daughter on October 4, 2013. Dr. Daniel Spitz, the Macomb County Chief Medical Examiner who performed the infant's autopsy, determined that the cause of death was blunt force trauma with multiple skull fractures. He classified the manner of death as homicide. Spitz believed the injuries occurred minutes to hours before defendant called emergency medical services (EMS) about the infant on October 3, 2013. In contrast, defense witness Dr. Ljubisa Dragovic, the Oakland County Chief Medical Examiner, testified that the infant's injuries likely occurred three to five days before her death, and they may have been caused by someone sitting on the child's head. At trial, defendant also introduced three character witnesses, who each testified regarding her behavior toward her children and her character as a mother. The witnesses were defendant's mother, Judy Stalling, a teacher from school, Christa Perde, and defendant's friend, Sharde Stanley.

---

[1] The court also instructed the jury regarding the lesser offense of second-degree murder, MCL 750.317.

## II. EVIDENTIARY ISSUES

On appeal, defendant first argues that the trial court erred by allowing the prosecutor to introduce other-acts evidence under MRE 404(b) during cross-examination and without notice. Specifically, she challenges the prosecutor's questions to Judy, Christa, and Sharde regarding her involvement with Child Protective Services (CPS), her prior contact with the police, her marijuana use, a personal protection order, and the placements of her other two children.

To preserve a claim of evidentiary error, "a party opposing the admission of evidence must object at trial and specify the same ground for objection that it asserts on appeal." *People v Aldrich*, 246 Mich App 101, 113; 631 NW2d 67 (2001). At trial, defense counsel raised two objections to the relevance of some of the questions posed, but did not object on MRE 404(b) grounds. Therefore, defendant's evidentiary challenge is unpreserved on appeal. We review unpreserved evidentiary claims for plain error affecting substantial rights. *People v Chelmicki*, 305 Mich App 58, 62; 850 NW2d 612 (2014). Plain error affects substantial rights only if "the error affected the outcome of the lower court proceedings." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). Further, reversal is only required if the plain error resulted in the conviction of an innocent defendant or seriously affected the integrity, fairness, or public reputation of the judicial proceedings. *Id*.

In general, evidence of a defendant's character is not admissible to show action in conformity therewith. MRE 404(a). Pursuant to MRE 404(b)(1), other-acts evidence is also generally inadmissible "to prove the character of a person in order to show action in conformity therewith." Such evidence may, however, be admissible to demonstrate "proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident . . . ." MRE 404(b)(1). The prosecutor must provide reasonable notice of its intent to introduce other-acts evidence. MRE 404(b)(2).

Pursuant to MRE 404(a)(1), a defendant may offer evidence of her own pertinent character trait to demonstrate that she would not have committed the crime charged. *People v Roper*, 286 Mich App 77, 93; 777 NW2d 483 (2009). "Once a defendant introduces character testimony, the prosecution can then rebut that testimony." *People v Whitfield*, 425 Mich 116, 130; 388 NW2d 206 (1986). MRE 405(a) provides that "[i]n all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. On cross-examination, inquiry is allowable into reports of relevant specific instances of conduct." "The valid purpose of such impeachment is to test the credibility of the character witness by challenging the witness'[s] good faith, information, and accuracy." *Whitfield*, 425 Mich at 131-132.

Defendant improperly characterizes the prosecutor's questions on cross-examination as attempts to introduce other-acts evidence under MRE 404(b). However, the prosecutor did not seek to introduce other-acts evidence for any purpose listed in MRE 404(b); rather, the prosecutor's questions were presented under MRE 405(a) to rebut the testimony of defendant's character witnesses. MRE 404(b) was not implicated. See *People v Lukity*, 460 Mich 484, 498-500; 596 NW2d 607 (1999) (explaining that MRE 404(b) is not implicated and notice is not required if other-acts evidence is used to cross-examine witnesses pursuant to MRE 405(a)).

All three of defendant's character witnesses testified on direct examination regarding their opinion of defendant as a mother and her behavior toward her children, which were pertinent character traits to the charge of first-degree child abuse. By eliciting this testimony, defendant placed these character traits at issue. Essentially, the witnesses asserted that defendant would not have abused her daughter because she was a good mother. The prosecutor's questions on cross-examination were proper under MRE 405(a) because they served to challenge this assertion. Therefore, the trial court did not plainly err by allowing the prosecutor's questioning.

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant also argues that she was denied the effective assistance of counsel when her attorney failed to consistently object to the prosecutor's cross-examination of Judy, Christa, and Sharde and failed to request a jury instruction on second-degree child abuse. We disagree.

To preserve a claim of ineffective assistance of counsel, a defendant must file a motion for a new trial or an evidentiary hearing in the trial court. *People v Sabin* (*On Second Remand*), 242 Mich App 656, 658-659; 620 NW2d 19 (2000). Although defendant filed a motion for a new trial, she did not raise ineffective assistance claims in her motion, instead arguing that the jury verdict was tainted because the verdict form incorrectly listed second-degree child abuse as a charge. Therefore, defendant failed to preserve her claims for appellate review.

Claims of ineffective assistance of counsel are mixed questions of law and fact. *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). Appellate courts review a trial court's factual findings for clear error, and review questions of law de novo. *Id*. Because defendant's claims in this case are unpreserved, our review is limited to errors apparent on the record. *Sabin*, 242 Mich App at 659.

To establish a claim of ineffective assistance of counsel, a defendant must show that "(1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *Trakhtenberg*, 493 Mich at 51. The effective assistance of counsel is presumed, and a defendant bears the heavy burden of proving otherwise. *People v Roscoe*, 303 Mich App 633, 644; 846 NW2d 402 (2014). A defendant must also overcome a strong presumption that defense counsel's actions constituted sound trial strategy. *Trakhtenberg*, 493 Mich at 52.

Defendant first argues that she was denied the effective assistance of counsel when her attorney failed to consistently object to the prosecutor's questions to Judy, Christa, and Sharde during cross-examination. As discussed above, the prosecutor's questions were proper under MRE 405(a). Defense counsel cannot be deemed ineffective for failing to raise meritless objections. *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

Defendant also asserts that her counsel was ineffective for failing to request a jury instruction on second-degree child abuse. We disagree.

In general, a court must instruct the jury regarding the law applicable to the case. *People v Cornell*, 466 Mich 335, 341; 646 NW2d 127 (2002), overruled in part on other grounds by *People v Mendoza*, 468 Mich 527; 664 NW2d 685 (2003). In *Cornell*, our Supreme Court "concluded that a defendant is entitled to a lesser offense instruction only if that lesser offense is

necessarily included in the greater offense; that is, the offense must be committed as part of the greater offense insofar as it would be 'impossible to commit the greater offense without first committing the lesser offense.' " *People v Jones*, 497 Mich 155, 164; 860 NW2d 112 (2014), quoting *Cornell*, 466 Mich at 361. In other words, "[n]ecessarily included lesser offenses are offenses in which the elements of the lesser offense are completely subsumed in the greater offense." *People v Nickens*, 470 Mich 622, 626; 685 NW2d 657 (2004) (citation and quotation marks omitted).

"A person is guilty of child abuse in the first degree if the person knowingly or intentionally causes serious physical or serious mental harm to a child." MCL 750.136b(2). MCL 750.136b(3) provides that a person may be convicted of second-degree child abuse if any of the following circumstances apply:

> (a) The person's omission causes serious physical harm or serious mental harm to a child or if the person's reckless act causes serious physical harm or serious mental harm to a child.

> (b) The person knowingly or intentionally commits an act likely to cause serious physical or mental harm to a child regardless of whether harm results.

> (c) The person knowingly or intentionally commits an act that is cruel to a child regardless of whether harm results.

In *People v Burks*, 308 Mich App 256, 270; 864 NW2d 580 (2014), rev'd in part by 498 Mich 966 (2016), this Court held that "the variants of second-degree child abuse in MCL 750.136b(3)(b) (involving an intentional act that is likely to cause serious harm) and MCL 750.136b(3)(a) (involving a reckless act) are necessarily included lesser offenses of first-degree child abuse." Although the prosecution asserts that the Michigan Supreme Court vacated this holding, the Court did so only with regard to second-degree child abuse under MCL 750.136b(3)(b). *People v Burks*, 498 Mich 966; 873 NW2d 101 (2016).[2]

Defendant asserts that if her attorney had requested an instruction on second-degree child abuse, there is a reasonable probability that the jury would have concluded that she acted recklessly, rather than knowingly or intentionally, and that it was her reckless act that caused her daughter's death. However, defendant has not overcome the presumption that defense counsel's decision was anything other than sound trial strategy. The decision whether to request a jury instruction on a lesser included offense is a matter of trial strategy. *People v Sardy*, 216 Mich App 111, 113; 549 NW2d 23 (1996); *People v Nickson*, 120 Mich App 681, 687; 327 NW2d 333 (1982) ("The decision to proceed with an all or nothing defense is a legitimate trial strategy."). The decision to forgo an instruction on a lesser included offense and instead attempt to "force the

---

[2] The Michigan Supreme Court order stated, "In lieu of granting leave to appeal, we vacate that part of the Court of Appeals opinion holding that second-degree child abuse under MCL 750.136b(3)(b) is a necessarily included lesser offense of first-degree child abuse."

jury into an 'all or nothing' decision" does not constitute ineffective assistance of counsel. *People v Rone (On Second Remand)*, 109 Mich App 702, 718; 311 NW2d 835 (1981).

Defendant has not shown that defense counsel's decision not to request an instruction on second-degree child abuse was anything other than valid trial strategy. In his cross-examination of Detective James Wolfe, defense counsel asked if defendant ever admitted during her police interview that she hurt or intended to hurt her daughter, and whether, without the information from doctors, he had any evidence that defendant hurt the infant. He introduced Dr. Dragovic's testimony to propose the theory that the infant's injuries occurred several days before her death and may have been caused by someone sitting on her head. In his closing arguments, defense counsel said he could not believe that defendant harmed her daughter, so he considered whether the infant incurred the injuries while in the care of EMS or the hospital. He also argued that the evidence did not support that defendant intended to hurt her daughter, stating the following:

> I think Dr. Dragovic placed it very well when he said [the infant's injuries] all happened at the same time and they only way they could happen is probably with a crush type injury . . . it could've been the grandmother, it could've been anyone accidentally sitting on this baby. Could've been the kids in the car the day, the night before. Any one of them could've done that. We don't know when, nobody knows when.

Further, defense counsel filed a motion for a directed verdict, arguing that the prosecution presented no evidence that defendant intended to kill her daughter, and that the prosecution charged defendant on the basis of her presence alone.

Defense counsel's actions all demonstrate his effort to convince the jury that the infant's injuries were accidental, defendant did not intend to hurt her daughter, and that someone other than defendant may have caused the injuries. Defense counsel may have reasonably decided to forgo requesting a lesser included instruction to avoid giving jurors the opportunity to convict defendant of second-degree child abuse if they did not find that she knowingly or intentionally caused her daughter's injuries beyond a reasonable doubt. Requesting an instruction on second-degree child abuse would have been inconsistent with the strategy of attempting to force an all-or-nothing verdict. Although this strategy may not have been ultimately successful, "this Court will not second-guess counsel regarding matters of trial strategy" or "assess counsel's competence with the benefit of hindsight." *People v Rice* (*On Remand*), 235 Mich App 429, 445; 597 NW2d 843 (1999).

Affirmed.

/s/ Michael F. Gadola
/s/ Deborah A. Servitto
/s/ Douglas B. Shapiro

-5-