PEOPLE v ARMSTRONG .

Docket No. 58208. Submitted February 9, 1983, at Detroit.—Decided
     April 18, 1983.

          Olin E. Armstrong was convicted of delivery of less than 50
     grams of cocaine and of conspiracy to deliver less than 50
     grams of cocaine, Hillsdale Circuit Court, Harvey W. Moes, J.
     He appealed, and the Court of Appeals, in an unpublished
     opinion, affirmed the conviction (Docket No. 50845, November
     19, 1981), but remanded with instructions to the trial court to
     allow the defendant to file a motion for new trial on the ground
     of alleged ineffective assistance of counsel. Defendant moved for
     a new trial on that basis. No testimony or other evidence was
     presented and the motion was denied. Defendant again appeals,
     alleging that he was denied effective assistance of counsel by
     his trial attorney's failure to request jury instruction on lesser
     included offenses and failure to file a notice of alibi defense.
     *Held:*

          1. Trial counsel's decision not to request instructions on
     lesser included offenses was a matter of trial strategy and did
     not amount to ineffective assistance of counsel.

          2. The failure to file a notice of alibi may result in a finding
     of ineffective assistance of counsel. However, in this case cer-
     tain alibi testimony did reach the jury despite the failure of
     notice. It was incumbent upon the defendant to present evi-
     dence at the hearing on his motion for new trial in support of
     his claim of ineffective assistance of counsel. No such evidence
     was presented. Without an evidentiary record, the Court of
     Appeals has no basis for considering the claim.

          Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1-4] 21A Am Jur 2d, Criminal Law §§ 752, 985.
     Modern status of rules and standards in state courts as to adequacy
          of defense counsel's representation of criminal client. 2 ALR4th
          27.

[3] 75 Am Jur 2d, Trial § 577.

[4] 21 Am Jur 2d, Criminal Law § 193.
     Validity and construction of statute requiring defendant in criminal
          case to disclose matter as to alibi defense. 45 ALR3d 958.

[5] 4 Am Jur 2d, Appeal and Error § 398.

1. CRIMINAL LAW — ASSISTANCE OF COUNSEL.

    The guarantee of effective assistance of counsel requires that
    defense counsel perform at least as well as a lawyer of ordinary
    skill and training in the criminal law and that counsel not
    make a serious mistake which deprives the defendant of a
    reasonably likely chance of acquittal.

2. CRIMINAL LAW — ASSISTANCE OF COUNSEL — TRIAL STRATEGY.

    A difference of opinion as to trial strategy does not amount to
    ineffective assistance of counsel.

3. CRIMINAL LAW — ASSISTANCE OF COUNSEL — TRIAL STRATEGY.

    A defense counsel's decision not to request jury instructions on
    lesser included offenses is a matter of trial strategy.

4. CRIMINAL LAW — ASSISTANCE OF COUNSEL — NOTICE OF ALIBI.

    Failure of defense counsel to file a notice of alibi may, in the
    proper circumstances, be found to constitute ineffective assis-
    tance of counsel.

5. CRIMINAL LAW — ASSISTANCE OF COUNSEL — APPEAL — RECORD ON
    APPEAL.

    A defendant who alleges that he received ineffective assistance of
    counsel must present a record in factual support of his claim;
    absent such record evidence in support of the claim the Court
    of Appeals generally has no basis for considering the claim.

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *Michael R. Smith,* Pros-
ecuting Attorney, and *Michael A. Nickerson,* As-
sistant Attorney General, for the people.

*Robert W. Blackstock,* for defendant on appeal.

Before: WAHLS, P.J., and M. J. KELLY and M.
WARSHAWSKY,* JJ.

M. J. KELLY, J. Represented by a retained attor-
ney, defendant was convicted by a jury of delivery
of less than 50 grams of cocaine, MCL
333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv), and
conspiracy to deliver less than 50 grams of co-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

caine, MCL 750.157a(a); MSA 28.354(1)(a). Proceeding with the same attorney, defendant appealed to this Court by right. The prosecutor moved for summary affirmance, which was granted by the Court over dissent. Defendant's attorney moved for a rehearing, which was granted. Subsequently, defendant filed an *in propria persona* document with the Court, alleging ineffective assistance of counsel and stating that he had discharged his attorney. After full consideration of arguments raised by defendant's attorney on appeal, this Court affirmed defendant's conviction in an unpublished opinion. In addressing defendant's *pro se* claim of ineffective assistance of counsel, we noted the absence of any motion at the trial court level for a new trial based on this allegation. Since the record before the Court did not support defendant's claim, the trial court was instructed to allow defendant to file a delayed motion for a new trial on the grounds of ineffective assistance of counsel if defendant chose to properly seek such a remedy.

Following remand, defendant moved for a new trial on the basis of ineffective assistance of counsel. No testimony or other evidence was introduced and the trial court denied defendant's motion. Defendant now reappears before this Court by right. On appeal, defendant argues that he was accorded ineffective assistance of counsel by his trial attorney's failure to request lesser included offense instructions and to file notice that defendant would claim an alibi at trial.

The constitutional guarantees of effective assistance of counsel require that defense counsel perform at least as well as a lawyer of ordinary skill and training in the criminal law and that defense counsel not make a serious mistake which deprives

his client of a reasonably likely chance of acquittal. *E.g., People v Snell,* 118 Mich App 750, 765-766; 325 NW2d 563 (1982), see *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976). A difference of opinion as to trial strategy does not amount to ineffective assistance of counsel. *People v Peery,* 119 Mich App 207, 216; 326 NW2d 451 (1982).

Defendant's first assertion is that his trial counsel made a serious mistake in not requesting lesser included offense instructions. Defendant's defense at trial was that he took no part in the drug transaction. We find defense counsel's decision not to request lesser included offense instructions to be a matter of trial strategy. Accord, *People v Rone (On Second Remand),* 109 Mich App 702, 718; 311 NW2d 835 (1981), *lv den* 414 Mich 873 (1981).

Defendant argues also that a serious mistake was made when defense counsel failed to file an alibi defense. At trial, Robert Estel testified that, contrary to testimony produced by the prosecutor, defendant was not at the scene of the cocaine transaction but was at the Hub Bar instead. The prosecutor objected on the grounds that an alibi notice had not been filed, as required by MCL 768.20(1); MSA 28.1043(1), and that alibi testimony, therefore, could not be presented. The objection was sustained. Defendant then took the stand in his own behalf and testified that he was not present at the drug transaction but was at the Hub Bar at the time. Defendant's final witness, Robert Estel, Jr., testified that he telephoned defendant's place of work on the day of the alleged drug transaction and was told that defendant was at the Hub Bar.

Failure to file a notice of alibi can result in a finding of ineffective assistance of counsel. We do not know, however, what effect defense counsel's

decision, or lack of it, regarding a notice of alibi had on defendant's case. Certain alibi testimony, that of Robert Estel, Robert Estel, Jr., and the defendant, did reach the jury. Was there any evidence that could have been presented to the jury if an alibi notice had been filed that was precluded from being introduced? This question should have been answered in the trial court after this Court's remand.

When a defendant alleges ineffective assistance of counsel, he must present a record which factually supports his claim. *People v Taylor,* 387 Mich 209, 218; 195 NW2d 856 (1972); *People v Ginther,* 390 Mich 436, 443; 212 NW2d 922 (1973). Without record evidence supporting defendant's claim, the Court of Appeals generally has no basis for considering it. *Ginther, supra,* p 443. This is why this Court previously remanded this case and directed the trial court to allow defendant to make a delayed motion for a new trial. This Court's remand was not to require merely a *pro forma* motion in the trial court before this Court considered defendant's claim, but rather was to allow a full evidentiary hearing so that support for or against defendant's claim of ineffective assistance of counsel could be established.

At the motion for rehearing, defendant's new counsel stated that:

"Mr. Armstrong's prior attorney failed to file a notice of alibi. And I would argue to the Court that is a substantial error, in that it would be likely if Mr.—or at least probable or possible, if Mr. Estel was allowed to have testified, that that would have established an alibi.

"And incidentally or parenthetically, my client informs me he also had some other witnesses that would have testified to that effect, but they were not called. Of course, that does not appear of record, but I believe Mr.

Armstrong would so testify, or we could file an affidavit to verify that."

No testimony, affidavits, or any other evidence, however, was introduced. Rather, after the trial court understandably denied defendant's motion for a new trial, defendant's new appellate attorney, in arguing before this Court for a new trial, stated that "we cannot know at this point what additional testimony would have been available had defense counsel properly filed the notice, investigated and prepared the defense".

Precisely. We do not know if defendant made his attorney aware before trial that he claimed an alibi. We do not know what additional witnesses could have been produced. We do not know if Robert Estel would have given any additional support to defendant's alibi defense if an objection had not been raised to Estel's testimony. This Court's remand to the trial court to allow the delayed filing of a motion for a new trial was fruitless. No evidentiary hearing was held. On remand, defendant should have testified as to what he had told his trial counsel prior to trial. Defendant's trial counsel should have been questioned as to why no alibi notice was filed. Witnesses who might have been called at trial should have been produced and their testimony made part of the evidentiary hearing record. Estel should have been questioned on what further testimony counsel claimed he would have given "that would have established an alibi".

Defendant has failed to provide the necessary evidentiary support for his claim. Unless defendant proffers factual substantiality for his claim that his counsel was aware that an alibi defense was being claimed but failed to file the required notice and failed to present crucial witnesses who

would have supported defendant's alibi defense, we will not order a new trial. See *Ginther, supra,* pp 443-444.

We are constrained not to again order the trial court to allow the filing of a delayed motion for a new trial. Such an order would have the effect of perpetuating the appellate replay. Indeed, if we did remand and defendant once again failed to supply the necessary evidentiary support for his claim, would another remand be required?

The burden was on defendant to establish evidentiary support for his claim of ineffective assistance of counsel. See, *e.g., People v Jelks,* 33 Mich App 425, 431; 190 NW2d 291 (1971), *lv den* 386 Mich 768 (1971). Defendant has not met this burden after an express opportunity was provided him to do so by this Court.

Affirmed.