# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DEMETRISE CORTEZ RAINGE,

Defendant-Appellant.

UNPUBLISHED
September 14, 2017

No. 330127
Wayne Circuit Court
LC No. 15-003637-01-FC

Before: GADOLA, P.J., and METER and FORT HOOD, JJ.

PER CURIAM.

Defendant appeals as of right his jury-trial convictions of second-degree murder, MCL 750.317; assault with intent to do great bodily harm, MCL 750.84; and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. At his original sentencing hearing, defendant was sentenced to 30 to 60 years' imprisonment for the second-degree murder conviction, 6.5 to 10 years' imprisonment for the assault conviction, and two years' imprisonment for the felony-firearm conviction. On remand from this Court,[1] the trial court granted defendant's motion for resentencing and then resentenced him to the same sentences he received during his original sentencing. We affirm.

In his principal appellate brief filed before remand, defendant argued that he was entitled to resentencing due to the absence of sufficient evidence to support the assessment of 15 points for Offense Variable (OV) 5. On remand, defendant received the relief that he requested, i.e., he was resentenced after the trial court determined that there was no evidence in the record to support the assessment of 15 points for OV 5. Therefore, this issue is moot and need not be addressed. See *People v Billings*, 283 Mich App 538, 548; 770 NW2d 893 (2009) ("Because defendant has already received the relief that she requested, this issue is moot."), and *B P 7 v Bureau of State Lottery*, 231 Mich App 356, 359; 586 NW2d 117 (1998) (this Court generally does not decide moot issues).

---

[1] See *People v Rainge*, unpublished order of the Court of Appeals, entered October 12, 2016 (Docket No. 330127).

-1-

Defendant also argued in his principal appellate brief filed before remand that his original judgment of sentence erroneously indicated that all of his sentences were consecutive. Defendant asserted that a ministerial correction was required to reflect that the sentences for second-degree murder and assault were concurrent with one another but consecutive to the felony-firearm sentence. Although defendant has now been resentenced, the amended judgment of sentence contains essentially the same language as the original judgment of sentence with respect to this issue.

"To preserve a sentencing issue for appeal, a defendant must raise the issue at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals." *People v Clark*, 315 Mich App 219, 223-224; 888 NW2d 309 (2016) (quotation marks and citation omitted). Also, MCL 769.1h(3) provides:

> The prosecuting attorney or the defendant's counsel, or the defendant if he or she is not represented, may file an objection to the judgment of sentence on the issue of whether the sentence is to run consecutively to or concurrent with any other sentence the defendant is or will be serving. The court shall promptly hold a hearing on any objection filed. The procedure for reviewing a judgment of sentence provided in this subsection is in addition to any other review procedure authorized by statute or court rule.

Defendant did not object in the trial court to either the original judgment of sentence or the amended judgment of sentence on the basis of whether the sentences are to run consecutively or concurrently. Nor did defendant otherwise raise this issue at sentencing or in his motions for resentencing or to remand. Therefore, this issue is not preserved for appellate review.

Unpreserved issues are reviewed for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999). To establish entitlement to relief under the plain-error rule, a defendant must demonstrate that (1) an error occurred, (2) the error was clear or obvious, and (3) the error was prejudicial in that it affected the outcome of the lower-court proceedings. *Id*. at 763. Reversal is warranted only if the plain error led to the conviction of an innocent defendant or seriously affected the fairness, integrity, or public reputation of the proceedings. *Id*. at 763-764.

MCL 769.1h(1) provides: "A judgment of sentence committing an individual to the jurisdiction of the department of corrections shall specify whether the sentence is to run consecutively to or concurrently with any other sentence the defendant is or will be serving, as provided by law." In both the original judgment of sentence before remand and the amended judgment of sentence after remand, a box is checked stating that the sentences are to be served consecutively to each other. However, there is additional language in both the original judgment of sentence and the amended judgment of sentence clarifying that the second-degree murder and assault sentences are concurrent with one another and consecutive to the felony-firearm sentence. Therefore, both the original and amended judgments of sentence adequately convey to the Department of Corrections the manner in which the sentences are to be served in relation to one another. Defendant has failed to establish the existence of a clear or obvious error that requires ministerial correction.

In his Standard 4 brief (which was filed before remand), defendant argues that the trial court erred in assessing 25 points for OV 6. We disagree.

Initially, we make note of defendant's attorney's acquiescence to the scoring. The sentencing information report appended to the presentence investigation report recommended an assessment of 25 points for OV 6. At the original sentencing hearing, the prosecutor stated that he and defense counsel had reviewed the scoring recommendations and that "[t]he only correction we have to the OVs is to OV number three I believe is currently scored at 50 points, that should be 25 points. And OV 9 is currently scored at zero and that should be ten points." Defense counsel expressed agreement with the prosecutor concerning the proper assessments for OV 3 and OV 9 and voiced no disagreement with the prosecutor's representation regarding the parties' agreement that there were no other OV corrections. The parties expressed differing views about OV 19, and the trial court assessed zero points for that variable. The trial court then determined that the guidelines range would be 225 to 375 months, and both parties agreed and said there were no further corrections or deletions to the "report." Subsequently, at the resentencing hearing, the trial court stated, "We've agreed OV 5 is correctly scored – or OV 6 is correctly scored at 25 points?" Defense counsel responded, *That comports with the jury's verdict, yes.*" (Emphasis added.)

In any event, even disregarding any acquiescence, the trial court did not err in assessing 25 points for OV 6. "Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence. Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013) (citations omitted). "A sentencing court may consider all record evidence before it when calculating the guidelines, including, but not limited to, the contents of a presentence investigation report, admissions made by a defendant during a plea proceeding, or testimony taken at a preliminary examination or trial." *People v Johnson*, 298 Mich App 128, 131; 826 NW2d 170 (2012) (quotation marks and citation omitted). "The trial court may rely on reasonable inferences arising from the record evidence to sustain the scoring of an offense variable." *People v Earl*, 297 Mich App 104, 109; 822 NW2d 271 (2012), aff'd 495 Mich 33 (2014). Because defendant failed to preserve this issue, this Court's review is for plain error affecting substantial rights. *People v Kimble*, 470 Mich 305, 312; 684 NW2d 669 (2004); *Carines*, 460 Mich at 763.

OV 6 addresses the defendant's intent to kill or injure another person. MCL 777.36(1); *People v Bowling*, 299 Mich App 552, 561; 830 NW2d 800 (2013). An assessment of 25 points is appropriate if the defendant "had unpremeditated intent to kill, the intent to do great bodily harm, or created a very high risk of death or great bodily harm knowing that death or great bodily harm was the probable result." MCL 777.36(1)(b). "The sentencing judge shall score this variable consistent with a jury verdict unless the judge has information that was not presented to the jury." MCL 777.36(2)(a). In this case, the jury found defendant guilty of second-degree murder, thereby necessarily finding that he acted with malice and thus possessed the mental state required for an assessment of 25 points under OV 6. See *People v Goecke*, 457 Mich 442, 463-464; 579 NW2d 868 (1998) (malice is an element of second-degree murder and consists of "the intent to kill, the intent to cause great bodily harm, or the intent to do an act in wanton and wilful disregard of the likelihood that the natural tendency of such behavior is to cause death or great

bodily harm"*)*. Defendant claims that he only "shot from the hip" and "did not take aim" at the victims; he also claims that the victims "were displaying antagonistic behavior by there [sic] size and demeanor." However, a reasonable inference arose from defendant's use of the gun that he possessed the requisite intent, particularly given that he shot one victim in the head. See *Carines*, 460 Mich at 759 ("A jury may infer malice from evidence that the defendant intentionally set in motion a force likely to cause death or great bodily harm. Malice may also be inferred from the use of a deadly weapon.") (citation omitted), and *People v Henderson*, 306 Mich App 1, 11; 854 NW2d 234 (2014) ("Intent to kill may be inferred from all the facts in evidence, including the use of a deadly weapon.").

Defendant also argues in his Standard 4 brief that he was denied the effective assistance of counsel in numerous respects. We disagree.

"[A] defendant must move in the trial court for a new trial or an evidentiary hearing to preserve the defendant's claim that his or her counsel was ineffective." *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). Defendant did not move in the trial court for a new trial or an evidentiary hearing on this issue. Hence, the issue is unpreserved.

Whether a defendant was deprived of the effective assistance of counsel presents a mixed question of fact and constitutional law. *Id*. Any findings of fact are reviewed for clear error, while the legal questions are reviewed de novo. *Id*. Because "defendant did not move in the trial court for a new trial or an evidentiary hearing, this Court's review is limited to mistakes apparent from the record." *Id*.

"To prevail on a claim of ineffective assistance, a defendant must, at a minimum, show that (1) counsel's performance was below an objective standard of reasonableness and (2) a reasonable probability [exists] that the outcome of the proceeding would have been different but for trial counsel's errors." *People v Ackerman*, 257 Mich App 434, 455; 669 NW2d 818 (2003). "Defendant must overcome a strong presumption that counsel's performance constituted sound trial strategy." *People v Petri*, 279 Mich App 407, 411; 760 NW2d 882 (2008). "This Court does not second-guess counsel on matters of trial strategy, nor does it assess counsel's competence with the benefit of hindsight." *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012). Defense counsel has "wide discretion in matters of trial strategy because many calculated risks may be necessary in order to win difficult cases." *People v Odom*, 276 Mich App 407, 415; 740 NW2d 557 (2007). "A failed strategy does not constitute deficient performance." *Petri*, 279 Mich App at 412. A defendant claiming ineffective assistance has the burden of establishing the factual predicate for the claim. *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001).

Defendant argues that defense counsel was ineffective for failing to request jury instructions on voluntary manslaughter, MCL 750.321, and reckless discharge of a firearm causing death, MCL 752.861. We disagree.

"A necessarily lesser included offense is an offense whose elements are completely subsumed in the greater offense." *People v Mendoza*, 468 Mich 527, 540; 664 NW2d 685 (2003). "[T]he element distinguishing murder from manslaughter – malice – is negated by the presence of provocation and heat of passion. . . . Thus, . . . the elements of voluntary

-4-

manslaughter are included in murder, with murder possessing the single additional element of malice." *Id*. Therefore, voluntary manslaughter is a necessarily lesser included offense of murder. *Id*. at 541. As such, "when a defendant is charged with murder, an instruction for voluntary . . . manslaughter must be given if supported by a rational view of the evidence." *Id*. " '[T]o show voluntary manslaughter, one must show that the defendant killed in the heat of passion, the passion was caused by adequate provocation, and there was not a lapse of time during which a reasonable person could control his passions.' " *People v Reese*, 491 Mich 127, 143; 815 NW2d 85 (2012), quoting *Mendoza*, 468 Mich at 535.

A rational view of the evidence does not indicate that defendant killed the homicide victim, Lamarco Lewis, in the heat of passion caused by adequate provocation. There was evidence that Lewis had engaged in a verbal confrontation with defendant's girlfriend, Tapree Jones, and some of her family members. However, defendant acknowledged that there was no indication of any physical injury to Jones and that Jones did not say that she had been physically harmed by Lewis. There is no evidence that anything other than a verbal dispute had occurred until defendant shot Lewis. Further, although defendant claimed that Lewis had his fists clenched or balled as he was coming across the street before the shooting, defendant did not mention seeing Lewis with a weapon, and Lewis was approximately 15 feet away from defendant and his companions when defendant pulled out his gun and fired it. In addition, there is no evidence that defendant was particularly upset or excited during the incident. At trial, defendant denied being angry or upset at certain points of the incident, and when asked why he did not simply pull out his gun and tell Lewis to stop rather than shooting him, defendant merely claimed that he was not thinking and that everything happened very fast. The facts simply fail to support a conclusion that defendant was acting in the heat of passion caused by adequate provocation. Defense counsel was not ineffective for failing to advocate a meritless position. *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

Moreover, even if the evidence could arguably have supported a voluntary manslaughter instruction, defendant has failed to establish that defense counsel's failure to request such an instruction amounted to constitutionally deficient performance. A defense attorney's declination to request a particular jury instruction can be a matter of trial strategy. *People v Dunigan*, 299 Mich App 579, 584; 831 NW2d 243 (2013). As explained, defense counsel has wide discretion on matters of trial strategy. *Id*.; see also *People v Sardy*, 216 Mich App 111, 116; 549 NW2d 23 (1996) (the defendant failed to show that defense counsel's declination to request a lesser included offense instruction was not a sound trial strategy), and *People v Armstrong*, 124 Mich App 766, 769; 335 NW2d 687 (1983) ("We find defense counsel's decision not to request lesser included offense instructions to be a matter of trial strategy."). In this case, defense counsel chose to pursue a theory that defendant was acting in lawful defense of others, in accordance with defendant's claim during his testimony that he feared for the life of Jones's mother, who was standing near defendant.[2] If successful, such a defense strategy would have resulted in an outright acquittal rather than a conviction for a lesser offense. See *People v Nickson*, 120 Mich

---

[2] Defense counsel argued in favor of a defense-of-others theory in closing argument, and the trial court instructed the jury on this defense theory.

App 681, 687; 327 NW2d 333 (1982) ("The decision to proceed with an all or nothing defense is a legitimate trial strategy."). The fact that this strategy ultimately failed does not indicate that defense counsel was ineffective. *People v Kevorkian*, 248 Mich App 373, 414-415; 639 NW2d 291 (2001).

In addition, defense counsel was not ineffective for failing to request a jury instruction on reckless discharge of a firearm causing death. "A lesser offense is necessarily included in the greater offense when the elements necessary for the commission of the lesser offense are subsumed within the elements necessary for the commission of the greater offense." *People v Wilder*, 485 Mich 35, 41; 780 NW2d 265 (2010). By contrast, "[c]ognate offenses share several elements and are of the same class or category as the greater offense, but contain elements not found in the greater offense." *Id*. "Instructions on cognate offenses are not permitted . . . ." *People v Lowery*, 258 Mich App 167, 173; 673 NW2d 107 (2003). Reckless discharge of a firearm causing death contains an element—the discharge of a firearm—that is not an element of the charged offense of first-degree premeditated murder. See *id*. at 174 ("MCL 752.861 requires that a firearm be carelessly, recklessly, or negligently discharged causing death or injury . . . ."), and *People v DeLisle*, 202 Mich App 658, 660; 509 NW2d 885 (1993) ("First-degree murder is the intentional killing of another, done with premeditation and deliberation."). Therefore, the trial court could not have instructed the jury on reckless discharge of a firearm causing death because its elements are not subsumed within the elements of the charged offense of first-degree premeditated murder. Defense counsel was not ineffective for failing to make a meritless request. *Ericksen*, 288 Mich App at 201.

Defendant next asserts that defense counsel was ineffective for failing to investigate the type of firearm used in this case and for failing to call an expert in firearms. Defendant suggests that such an expert could have explained that the type of firearm defendant claims to have been using, which defendant calls a "lemon squeeze," i.e., a firearm capable of firing more than one shot with a single pull of the trigger, was not modified after it was manufactured and that such a "lemon squeeze" can be purchased at a gun store or may comprise a production defect.[3]

Defendant has failed to properly present this aspect of his argument because he did not include it in his statement of questions presented. *People v Fonville*, 291 Mich App 363, 383; 804 NW2d 878 (2011). Defendant has thus waived the issue for appellate review. *Id*.

In any event, defendant's argument is unavailing. Defense counsel has a duty to undertake reasonable investigations or to make a reasonable decision that renders particular investigations unnecessary. *People v Trakhtenberg*, 493 Mich 38, 52; 826 NW2d 136 (2012). Any choice to limit an investigation "is reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Id*. (quotation marks and citation omitted). The failure to conduct an adequate investigation comprises ineffective assistance of counsel if it undermines confidence in the outcome of the trial. *Russell*, 297 Mich

---

[3] Defendant's own trial testimony arguably indicates that the so-called "lemon squeeze" aspect of the firearm *was* a modification of the firearm, contrary to his suggestion on appeal that the gun was originally manufactured this way.

App at 716. "An attorney's decision whether to retain witnesses, including expert witnesses, is a matter of trial strategy." *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009). This Court will not substitute its judgment for that of defense counsel on strategic decisions or use the benefit of hindsight to assess defense counsel's competence. *Id*. The failure to call a witness constitutes ineffective assistance of counsel only if it deprives the defendant of a substantial defense. *Id*. A defense is substantial if it might have made a difference in the outcome of the trial. *People v Chapo*, 283 Mich App 360, 371; 770 NW2d 68 (2009).

There is nothing in the record to support defendant's contention that defense counsel failed to investigate the type of firearm used in this case. The mere fact that defense counsel did not call an expert witness in firearms does not establish that defense counsel did not investigate or consider the matter. Defendant has thus failed to satisfy his burden of establishing the factual predicate for this part of his claim. *Carbin*, 463 Mich at 600. In addition, defendant has not provided an offer of proof regarding any expert witness who would have testified in support of defendant's claim that the firearm used in this case was a so-called "lemon squeeze" firearm that was not modified after it was manufactured. Indeed, defendant fails to explain how any expert witness could have testified regarding the particular firearm that defendant used to shoot the victims, given defendant's admission that he discarded the weapon in a field after the shootings, thereby rendering it unavailable for any expert to examine. Defendant has thus failed to establish the factual predicate for this aspect of his ineffective assistance claim. Nor has defendant articulated precisely how any such testimony by a hypothetical expert witness would be reasonably likely to have made a difference in the outcome of the trial. Regardless of whether the firearm was modified to include the "lemon squeeze" function or was originally manufactured that way, it is undisputed that defendant fired the weapon, killing one victim and injuring the other. Overall, defendant has failed to demonstrate that he was deprived of a substantial defense by virtue of defense counsel's failure to call an expert witness in firearms.

Defendant also contends that defense counsel was ineffective for failing to negotiate with the prosecutor and obtain a reasonable plea offer. This aspect of defendant's argument is waived because it is not included in his statement of questions presented. *Fonville*, 291 Mich App at 383. In any event, defendant has failed to establish the factual predicate for this claim. *Carbin*, 463 Mich at 600. There is no basis in the record to conclude that defense counsel failed to engage in plea negotiations with the prosecutor. The prosecutor made two plea offers in this case, both of which defendant personally rejected in open court. The fact that no plea agreement was reached does not mean that defense counsel failed to make an effort to negotiate a reasonable plea agreement; it is just as possible that the prosecutor was simply unwilling to make a plea offer that was more favorable to defendant than the ones that defendant rejected in open court. Therefore, defendant's claim is factually unsupported.

Finally, in his supplemental appellate brief filed after remand, defendant argues that the trial court erred in assessing 10 points for OV 19 when defendant was resentenced on remand. We disagree.

OV 19 addresses, as relevant here, an interference with the administration of justice. MCL 777.49; *People v Smith*, 488 Mich 193, 198; 793 NW2d 666 (2010). An assessment of 10 points is required if the defendant "otherwise interfered with or attempted to interfere with the administration of justice." MCL 777.49(c). In assessing points for OV 19, a trial court may

consider conduct that occurred after the completion of the charged offenses. *Smith*, 488 Mich at 200. "[T]he plain and ordinary meaning of 'interfere with the administration of justice' for purposes of OV 19 is to oppose so as to hamper, hinder, or obstruct the act or process of administering judgment of individuals or causes by judicial process." *People v Hershey*, 303 Mich App 330, 343; 844 NW2d 127 (2013). This encompasses a broad range of conduct, including acts that might not rise to the level of a chargeable offense. *Id*.

> Decisions of both this Court and our Supreme Court have held the following conduct to constitute an interference or attempted interference with the administration of justice: providing a false name to the police, threatening or intimidating a victim or witness, telling a victim or witness not to disclose the defendant's conduct, fleeing from police contrary to an order to freeze, *attempting to deceive the police during an investigation*, interfering with the efforts of store personnel to prevent a thief from leaving the premises without paying for store property, and committing perjury in a court proceeding. Each of these acts hampers, hinders, or obstructs the process of administering judgment of individuals or causes by judicial process. [*Id*. at 343-344 (emphasis added; citations omitted).]

On appeal, defendant acknowledges that he lied to the police during the investigation of this case, including by denying that Jones was his girlfriend. Defendant argues that the trial court improperly scored OV 19 on the basis of Jones's conduct because it was her own lies to the police that led to the arrest of the wrong person. However, when questioning defense counsel at the resentencing hearing, the trial court expressly referred to defendant's conduct of lying to the police about the nature of his relationship with Jones. The nature of defendant's relationship with Jones was important to the investigation because the police realized early in the investigation that Jones knew the shooter. It is not dispositive whether defendant's lying led to the arrest of the wrong person because an assessment of 10 points is appropriate for interference or *attempted* interference with the administration of justice. MCL 777.49(c). By lying to the police about facts that were critical to the investigation, defendant attempted to deceive the police during an investigation. This conduct on the part of defendant made it appropriate to assess 10 points for OV 19. See *Hershey*, 303 Mich App at 344.

Affirmed.

/s/ Michael F. Gadola
/s/ Patrick M. Meter
/s/ Karen M. Fort Hood