PEOPLE v ROBINSON

Docket No. 86647. Submitted May 13, 1986, at Detroit. Decided
    August 18, 1986.

Defendant, Herman Robinson, Jr., was charged with breaking
    and entering an occupied dwelling, Wayne Circuit Court. Evi-
    dence produced at trial showed that defendant was arrested
    twenty or twenty-five minutes after the break-in, six miles from
    the break-in, in the company of two companions who were
    identified as participants and in a car containing property
    stolen during the break-in in the trunk. Defendant's motion for
    a directed verdict was denied and he was convicted, John R.
    Kirwan, J. Defendant appealed.

The Court of Appeals *held:*

1. Defense counsel's failure to request instructions on lesser
    included offenses was a matter of trial strategy and may not
    form the basis for a claim of ineffective assistance of counsel.

2. A defense counsel's failure to challenge a juror may not
    form the basis for a claim of ineffective assistance of counsel.

3. The court properly denied defendant's motion for a di-
    rected verdict.

Affirmed.

1. Criminal Law — Assistance of Counsel — Jury Instructions —
    Trial Strategy.

A defense counsel's decision not to request jury instructions on
    lesser included offenses is a matter of trial strategy, which may

References

Am Jur 2d, Criminal Law §§ 984-987.

Am Jur 2d, Jury §§ 213-264.

Am Jur 2d, Trial §§ 576-587, 876-882.

Modern status of law regarding cure of error, in instructions as to
    one offense by conviction of higher or lesser offense. 15 ALR4th
    118.

Adequacy of defense counsel's representation of criminal client
    regarding right to and incidents of jury trial. 3 ALR4th 601.

Modern status of rules and standards in state courts as to adequacy
    of defense counsel's representation of criminal client. 2 ALR4th
    27.

not form the basis for a claim of ineffective assistance of counsel.

2. CRIMINAL LAW — ASSISTANCE OF COUNSEL — CHALLENGES TO VENIREMEN.

A defense counsel's failure to challenge a juror may not form the basis for a claim of ineffective assistance of counsel.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Deputy Chief, Civil and Appeals, and *Jan J. Raven,* Assistant Prosecuting Attorney, for the people.

*Clarence H. Ledwon,* for defendant on appeal.

Before: HOOD, P.J., and WAHLS and P. C. ELLIOTT,* JJ.

P. C. ELLIOTT, J. A jury convicted defendant of breaking and entering an occupied dwelling. Defendant claims he was denied effective assistance of counsel because of his lawyer's failure to request instructions on lesser included offenses and his failure to challenge certain jurors.

This Court said in *People v Armstrong,* 124 Mich App 766, 769; 335 NW2d 687 (1983):

A difference of opinion as to trial strategy does not amount to ineffective assistance of counsel. *People v Peery,* 119 Mich App 207, 216; 326 NW2d 451 (1982).

Defendant's first assertion is that his trial counsel made a serious mistake in not requesting lesser included offense instructions. Defendant's defense at trial was that he took no part in the drug transaction. We find defense counsel's decision not to request lesser included offense instructions to be a matter of trial strategy. Accord, *People v Rone*

---

* Circuit judge, sitting on the Court of Appeals by assignment.

*(On Second Remand),* 109 Mich App 702, 718; 311 NW2d 835 (1981), *lv den* 414 Mich 873 (1981).

In this case, too, the decision not to request lesser offenses was a matter of trial strategy. Defendant's defense was that he was not one of the three men who committed the burglary. Instruction on lesser offenses might have reduced the chance of an acquittal. Defendant counsel may have correctly assumed that the minimum sentence for the offense charged, if defendant should be convicted of it, would be no more than the probable minimum sentence for a conviction of a lesser included offense. In fact, the sentence imposed was a prison term of only from two years to fifteen years. For all we know it may have been defendant's wish, concurred in by his lawyer, that no lesser offense instructions be requested. Compare *People v Jones,* 146 Mich App 736; 381 NW2d 803 (1985).

Six jurors were previously victims of crimes involving larceny, but all of them indicated they could set those experiences aside and each said he or she could be impartial. Defense counsel may have correctly assumed that challenges for cause would be properly denied and that unsuccessful challenges for cause would not be viewed favorably by the jury. One of the six was excused by the prosecutor, another was excused peremptorily by the defense, and one said that he might find it difficult to convict anyone on circumstantial evidence which was all that would link defendant to the crime. Other jurors (we do not know which ones) gave, by a nod of the head, the same indication of difficulty with proof by circumstantial evidence.

A reviewing court cannot see the jurors or listen to their answers to voir dire questions. A juror's

race, facial expression, or manner of answering a question may be important to a lawyer selecting a jury:

"Of all the important communications between human beings, at least 50% is nonverbal." [*Gadde v Michigan Consolidated Gas Co,* 377 Mich 117, 127; 139 NW2d 722 (1966).]

A lawyer's hunches, based on his observations, may be as valid as any method of choosing a jury. Defense counsel may want to retain certain prospective jurors, especially, and be willing to express satisfaction so the prosecution will not or cannot eliminate them. ABA Standards for Criminal Justice, "The Defense Function," 7-5.2(b) provides:

The decisions on what witnesses to call, whether and how to conduct cross-examination, *what jurors to accept or strike,* what trial motions should be made, *and all other strategic and tactical decisions are the exclusive province of the lawyer* after consultation with his client. [Emphasis supplied.]

Our research has found no case in Michigan where defense counsel's failure to challenge a juror or jurors has been held to be ineffective assistance of counsel. We cannot imagine a case where a court would so hold, and we do not so hold in this case.

Defendant also contends that his motion for a directed verdict was improperly denied because, he claims, the circumstantial evidence linking him to the crime was insufficient. We disagree. Defendant was in a car when it was stopped by police six miles from the break-in, twenty to twenty-five minutes later and with the stolen property in the trunk. The victim, who saw the faces of only two of the three burglars, identified the two men who were in the car with the defendant. His presence with them in that car was sufficient, in the circumstances, for a conviction.

Affirmed.