PEOPLE v SARDY

Docket No. 158365. Submitted July 19, 1995, at Detroit. Decided March 29, 1996, at 9:10 A.M.

Louie Sardy, Jr., was convicted by a jury in the Macomb Circuit Court, Frank E. Jeannette, J., of possession with intent to deliver between 225 and 650 grams of cocaine and sentenced to twenty to thirty years in prison. The defendant appealed.

The Court of Appeals *held:*

1. The defendant failed to object at trial and, therefore, failed to preserve for appellate review the issue whether the trial court erred in allowing evidence of prior offenses of a similar nature committed by the defendant.

2. The defendant did not request a jury instruction regarding the use of evidence of prior bad acts. The Court of Appeals will not reverse a conviction on the basis of alleged instructional error unless the defendant has requested the omitted instruction or objected to the instructions given. The defendant failed to show that his counsel's failure to request the instruction prejudiced the defendant or did not constitute sound trial strategy.

3. The affidavit for the search warrant disclosed that the affiant was relying upon hearsay information, and the facts set forth in the affidavit formed an adequate basis to establish probable cause to justify the issuance of the warrant.

4. The trial court did not err in failing to find substantial and compelling reasons to justify a sentence less than the statutorily required sentence.

5. The statutory scheme that provides a more severe punishment for a conviction of possession with intent to deliver cocaine than for a conviction of simple possession of cocaine is rational.

6. The defendant's failure to object at trial to alleged improprieties by the prosecution waived appellate review of the claim.

7. Const 1963, art 6, § 23, which authorizes the Supreme Court to appoint visiting judges, does not contain a restriction that prevents the appointment of a judge who is over seventy years of age.

8. Const 1963, art 6, § 23 does not restrict the authority of the Supreme Court to appoint visiting judges to only those situations in

which a vacancy occurs in the office to which the judge is appointed.

Affirmed.

1. CONTROLLED SUBSTANCES — CONSTITUTIONAL LAW — SENTENCES — CRUEL OR UNUSUAL PUNISHMENT.

The statutory scheme that provides a greater punishment for a conviction of possession of cocaine with intent to deliver than for a conviction of simple possession of cocaine has a rational basis (MCL 333.7401, 333.7403; MSA 14.15[7401], 14.15[7403]).

2. CONSTITUTIONAL LAW — JUDGES — APPOINTMENT OF VISITING JUDGES — AGE RESTRICTIONS.

The provision in Const 1963, art 6, § 23 that authorizes the Supreme Court to appoint visiting judges does not contain a restriction preventing the appointment of a judge who is over seventy years of age.

3. CONSTITUTIONAL LAW — JUDGES — APPOINTMENT OF VISITING JUDGES.

Const 1963, art 6, § 23 does not restrict the authority of the Supreme Court to appoint visiting judges to only those situations in which a vacancy occurs in the office to which the judge is appointed.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Carl J. Marlinga,* Prosecuting Attorney, *Robert J. Berlin,* Chief Appellate Attorney, and *Richard J. Goodman,* Assistant Prosecuting Attorney, for the people.

*Elizabeth L. Jacobs,* for the defendant on appeal.

Before: MICHAEL J. KELLY, P.J., and SAWYER and D. R. FREEMAN,* JJ.

SAWYER, J. Defendant was convicted, following a jury trial, of possession with intent to deliver between 225 and 650 grams of cocaine. MCL 333.7401(2)(a)(ii); MSA 14.15(7401)(2)(a)(ii). He was sentenced to serve a term of twenty to thirty years in prison. He now appeals, and we affirm.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Defendant first argues, both in his original brief on appeal and in his supplemental brief, that the trial court erred in allowing evidence of prior offenses of a similar nature committed by defendant. However, defendant failed to object at trial and, therefore, has failed to preserve this issue for appellate review. *People v Grant*, 445 Mich 535, 546; 520 NW2d 123 (1994).

Defendant next argues that the trial court erred in failing to give a limiting instruction to the jury regarding the use of evidence of prior bad acts. However, defendant did not request such an instruction. This Court will not reverse a conviction on the basis of alleged instructional error unless the defendant has requested the omitted instruction or objected to the instructions given. *People v Van Dorsten*, 441 Mich 540, 544-545; 494 NW2d 737 (1993); *People v Pouncey*, 437 Mich 382, 386; 471 NW2d 346 (1991). Defendant further argues that he was denied the effective assistance of counsel by counsel's failure to request the instruction. However, defendant fails to demonstrate, beyond mere conclusory statements, that counsel's conduct prejudiced defendant or did not constitute sound trial strategy. See *People v Pickens*, 446 Mich 298, 314; 521 NW2d 797 (1994); *People v Tommolino*, 187 Mich App 14; 466 NW2d 315 (1991).

Next, we turn to various challenges by defendant to the search warrant issued in this case. First, defendant complains that the warrant was defective because the affidavit supporting it failed to disclose that the affiant was utilizing hearsay information. We disagree. The affidavit clearly reflects that the confidential informant was handled by an officer other than the one who signed the affidavit and that the statement by the informant was made to this other officer and

not to the affiant. Thus, the affidavit, contrary to defendant's assertions, did disclose that the affiant was relying upon hearsay information.

Defendant also challenges the validity of the search warrant on the basis of a lack of sufficient facts in the affidavit to establish probable cause. The affidavit sets forth the facts surrounding a controlled buy of cocaine by a confidential informant as well as the informant's statement that he observed more cocaine on the premises. We are satisfied that the information contained in the affidavit formed an adequate basis to establish probable cause to justify the issuance of the warrant.

We next turn to various sentencing issues raised by defendant. First, defendant argues that the trial court erred in failing to find substantial and compelling reasons to depart downward from the statutorily required sentence of twenty to thirty years in prison. Defendant's brief, however, while analyzing the applicable case law, fails to set forth any reason why the trial court should have departed from the statutory scheme. We are not persuaded that the trial court erred.

Defendant next challenges his sentence by arguing that the statutory sentence is unconstitutional in light of the decision in *People v Bullock*, 440 Mich 15; 485 NW2d 866 (1992), in which the Supreme Court held that a mandatory sentence of life in prison for possession of more than 650 grams of cocaine constituted cruel or unusual punishment. Defendant objects to the fact that he now faces a longer sentence before parole eligibility for possessing a smaller amount of cocaine because the life term for possession of over 650 grams is now a parolable life offense. However,

defendant's argument overlooks the fact that he was convicted not of simple possession, the offense at issue in *Bullock*, but of possession with intent to deliver. It is not irrational to punish possession with intent to deliver more severely than simple possession, even where the amounts possessed differ.

Defendant also argues that he was denied effective assistance of counsel at sentencing because of counsel's failure to state correctly the standard for departing downward from the mandatory statutory sentencing provisions. Assuming that counsel did incorrectly state the standard, defendant has not established that he was prejudiced. *Pickens, supra.* The trial court did not accept the request to impose a sentence below the mandatory minimum, nor is there any indication from the record that, had counsel argued as defendant suggests on appeal that he should have, the trial court would have imposed a different sentence.

Defendant also raises a number of issues in his supplemental brief that we have not yet addressed. First, defendant argues that the prosecutor denied him due process of law by engaging in various improprieties during trial. However, defendant failed to object at trial and, therefore, has waived appellate review. *Grant, supra* at 546.

Defendant next argues that he was denied the right to confront the witnesses against him and the right to a jury trial when the trial court ruled that defendant could not inquire whether the informant knew the penalty that could be imposed if the informant was convicted of conspiracy. The trial court concluded that whether the informant was aware of the penalty for a conspiracy conviction was irrelevant inasmuch as the informant had never actually been charged

with conspiracy and the dismissal of a conspiracy charge had not formed the basis of a plea bargain. Defendant was otherwise fully permitted to cross-examine the witness, including bringing forth the fact that the informant had avoided prosecution in exchange for his testimony. Defendant was thus able to establish the informant's motive to fabricate. We are not persuaded that withholding from the jury the fact whether the informant knew the potential sentence he was facing absent cooperation impaired defendant's ability to confront the witness against him and present a defense.

Defendant also raises various claims of ineffective assistance of counsel, some of which we have already addressed. Remaining are defendant's allegations that he was denied the effective assistance of counsel because of counsel's failure to object to prosecutorial misconduct and counsel's failure to ask for an instruction regarding lesser included offenses. In both cases, defendant fails to overcome his burden of showing that counsel's conduct did not constitute sound trial strategy.

Defendant also argues that he was denied due process of law because of various alleged errors related to the appointment of the trial judge. First, defendant argues that the trial judge was ineligible to be appointed as a visiting judge because the judge was in excess of seventy years of age. However, Const 1963, art 6, § 19 deals with an age restriction pertaining to election or appointment to judicial office, not with the assignment of visiting judges. Const 1963, art 6, § 23, which authorizes the Supreme Court to appoint visiting judges, contains no age restriction. Furthermore, contrary to defendant's argument, we see no

logical reason to extend the age restriction to visiting judges. As defendant points out in his brief, the age restriction in art 6, § 19 addresses the concern that a judge may continue to hold office when he is no longer capable of exercising the responsibilities of that office. No such concern, however, exists with regard to the appointment of visiting judges inasmuch as the Supreme Court may evaluate case by case whether a particular retired judge is capable of continuing to exercise the duties required of a visiting judge. If a particular judge is unable to continue to discharge those duties, the Court may simply decline to appoint him as a visiting judge.

Defendant also argues that Const 1963, art 6, § 23 restricts the authority of the Supreme Court to appoint visiting judges to only those situations in which a vacancy occurs in the office to which the judge is appointed. Defendant argues that the visiting judge in the case at bar was improperly appointed because no such vacancy existed. Defendant's argument is without merit. Before its amendment in 1968, § 23 did restrict the Supreme Court's authority to appoint visiting judges to the filling of a vacancy until a successor judge was elected and qualified. The 1968 amendment, however, rewrote § 23 and did not so restrict the Supreme Court's authority, authorizing the appointment of visiting judges "to perform judicial duties for limited periods or specific assignments." The change in language clearly reflects an intent to broaden the use of visiting judges.

Finally, defendant complains that the judge made prejudicial comments in front of the jury. Defendant,

however, has failed to preserve this issue for review by objecting in the trial court. *Grant, supra* at 546.

Affirmed.