# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
April 11, 2017

Plaintiff-Appellee,

v

No. 331114
Calhoun Circuit Court
LC No. 2015-001302-FC

ARIC LAMONT HOLLOWAY,

Defendant-Appellant.

Before: BORRELLO, P.J., and WILDER and SWARTZLE, JJ.

PER CURIAM.

Defendant, Aric Lamont Holloway, appeals as of right his jury trial conviction of armed robbery, MCL 750.529. Defendant was sentenced to 9 to 25 years' imprisonment, with 274 days credit, plus fines and court costs. For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

On March 19, 2015, defendant went to a home to purchase some marijuana from the alleged victim in this case. According to the testimony of the victim, defendant and defendant's cousin robbed the victim while he was standing in the kitchen. The victim testified that he heard the sound of something like a shotgun being racked behind him and when he turned around he saw a shotgun, but not the face of the person holding the shotgun. Next, the victim claimed, defendant and his cousin told him to get up against the wall and they took between $1,200 and $1,300 from the victim. They also took the victim's backpack which contained, according to the victim, approximately $2,500 worth of marijuana.

The victim further testified that after defendant and his cousin took his backpack, they walked the victim out to his car so he could move and allow defendant and his cousin to leave the residence. After moving his car, the victim testified that he saw defendant and his cousin leave the driveway. The victim followed behind them while phoning 9-1-1 as to the defendant's whereabouts. According to the victim, while he was following defendant and his cousin, defendant stopped the car, aimed the shotgun at the victim, and fired three shots at him.

Eventually defendant and his cousin stopped the vehicle in which they were riding. According to the victim and police testimony, police accompanied by a canine unit, searched the immediate area surrounding the vehicle and soon discovered defendant. Defendant told police that he and his cousin had simply been out for a walk, a story he later recanted.

At his trial defendant testified to a different version of events. According to defendant, he had made arrangements with the victim to purchase one-half pound of marijuana. However, defendant did not feel as though he should have to pay the asking price of $900 to $1,200 for the marijuana as defendant believed that the victim had "shorted" him on prior marijuana purchases. According to defendant, when the victim refused to sell him the marijuana for $500 he simply took the backpack containing the marijuana and fled. According to defendant, it was the victim who fired the shots as the he was pursuing defendant through the streets of Albion, Michigan.

In closing arguments, defense counsel told the jury that defendant had committed the crime of larceny by stealing the victim's backpack. However, defense counsel stated that the prosecution failed to prove beyond a reasonable doubt that defendant committed armed robbery because the victim's testimony left "too many questions" unanswered. Defense counsel noted that the prosecution chose to charge defendant with armed robbery and assault with the intent to murder, MCL 750.83, but the facts did not establish that defendant committed either crime. The jury found defendant guilty of armed robbery but not guilty of assault with intent to commit murder. This appeal then ensued.

## II. ANALYSIS

On appeal, defendant argues that he was denied the effective assistance of counsel because he testified that he was guilty of a lesser included offense of armed robbery, however, defense counsel failed to request jury instructions on the lesser included offenses of larceny of a person, MCL 750.357, and unarmed robbery, MCL 750.530(1).

"Whether a person has been denied effective assistance of counsel is a mixed question of fact and constitutional law." *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). The trial court's "factual findings are reviewed for clear error, while its constitutional determinations are reviewed de novo." *People v Matuszak*, 263 Mich App 42, 48; 687 NW2d 342 (2004). However, because defendant failed to move for a new trial or an evidentiary hearing, this Court's review of his ineffective assistance of counsel claim is limited to errors apparent on the record. *People v Sabin (On Second Remand)*, 242 Mich App 656, 659; 620 NW2d 19 (2000).

To prevail on a claim of ineffective assistance of counsel, a defendant must establish that "(1) the performance of his counsel was below an objective standard of reasonableness under prevailing professional norms and (2) a reasonable probability exists that, in the absence of counsel's unprofessional errors, the outcome of the proceedings would have been different." *Id*. "A defendant must overcome a strong presumption that the assistance of his counsel was sound trial strategy, and he must show that, but for counsel's error, the outcome of the trial would have been different." *Id*.

A necessarily included lesser offense is an offense "in which the elements of the lesser offense are completely subsumed in the greater offense." *People v Mendoza*, 468 Mich 527, 532 n 3; 664 NW2d 685 (2003). "[A] requested instruction on a necessarily included lesser offense is proper if the charged greater offense requires the jury to find a disputed factual element that is not part of the lesser included offense and a rational view of the evidence would support it." *People v Cornell*, 466 Mich 335, 357; 646 NW2d 127 (2002).

Larceny from a person "is a necessarily included offense of robbery." *People v Light*, 290 Mich App 717, 725; 803 NW2d 720 (2010). In addition, robbery or unarmed robbery is "a necessarily included lesser offense of armed robbery." *People v Reese*, 466 Mich 440, 446-447; 647 NW2d 498 (2002).

Defendant testified that he took the victim's backpack that contained the marijuana, put it in the Durango's backseat, and drove away. Defendant's testimony supported a jury instruction on larceny from a person because defendant admitted that he stole the victim's backpack. MCL 750.357. As a result, the trial court would have been required to give a larceny from a person instruction if defendant had requested it. *Cornell*, 466 Mich at 361.

Further, defendant testified that he set up the meeting with the victim to purchase marijuana, but did not plan to pay full price for it. He testified that the victim had "shorted" him on prior marijuana purchases. Defendant claimed that he and the victim "exchanged words" concerning the price of the marijuana in the driveway. In addition, defendant's cousin accompanied defendant, whereas the victim was alone. However, defendant testified that he never had a gun. This testimony supported a jury instruction on unarmed robbery because the jury could infer that defendant "assault[ed] or put[] [the victim] in fear" by bringing his cousin, who the victim did not recognize; accusing the victim of providing insufficient marijuana in prior dealings; and arguing with the victim regarding the price of the marijuana. MCL 750.530(1). Thus, the trial court would have been obligated to give an unarmed robbery instruction if defendant had requested it. *Cornell*, 466 Mich at 361.

While defendant argues that the failure to request jury instructions on these lesser included offenses constituted ineffective assistance of counsel, he also concedes that failure to request the instructions can be viewed as an "all or nothing" trial strategy. The issue, defendant contends, was that failure to request the jury instructions in this case was not a *reasonable* trial strategy. We begin our analysis of defendant's argument by noting that this Court has long recognized that an "all or nothing" strategy may be reasonable in certain cases. In *People v Nickson*, 120 Mich App 681, 687; 327 NW2d 333 (1982),[1] this Court stated: "The decision to proceed with an all or nothing defense is a legitimate trial strategy." (Internal citations omitted). While we concur with defendant's argument that the decision to procced with an "all or nothing" defense may not be a legitimate strategy in all trials, he fails to point to any fact or issue which would have us hold that to employ such a strategy in this case was unreasonable. For example, defendant does not argue that defense counsel failed to understand that defendant had a legal right for the jury to be instructed on the named lesser included offenses. Rather his argument of unreasonableness is founded solely on speculation; that the jury could not acquit when defendant had admitted to a lesser crime, and further, that had the jury been instructed on the lesser included offenses they may have found him guilty of a lesser charge. However, as recognized by this Court in *Robinson*, 154 Mich App at 94, the decision not to request instructions on lesser

---

[1] See also, *People v Robinson*, 154 Mich App 92, 94; 397 NW2d 229 (1986) (recognizing that counsel's decision not to request any instructions on lesser included offenses can constitute sound trial strategy because instructions on lesser offenses may reduce the chance of acquittal).

-3-

included offenses may also bolster the chances of acquittal if the jury is not allowed to convict on lesser included offenses.

In addition to recognizing that an "all or nothing" trial strategy can be reasonable in some cases, this Court has also held that defense counsel's decision whether to request a lesser included offense instruction is a matter of trial strategy. *People v Dunigan*, 299 Mich App 579, 584; 831 NW2d 243 (2013); *People v Sardy*, 216 Mich App 111, 116; 549 NW2d 23 (1996). Furthermore, defendant's arguments fail to consider the long-held principle that: "[d]efense counsel is given wide discretion in matters of trial strategy because many calculated risks may be necessary in order to win difficult cases." *People v Unger*, 278 Mich App 210, 242, 749 NW2d 272 (2008).

Lastly, had defendant requested the jury be charged with the lesser included crime of larceny from a person defendant would likely be arguing that trial counsel was ineffective for placing their client on the stand to admit to a crime which their attorney then requested the jury consider. Such paradoxes are an inherent component of defending a criminal client, and also a reason why appellate courts refrain from substituting its judgment for that of counsel regarding matters of trial strategy, or accessing trial counsel's competence with the benefit of hindsight. *People v Rockey*, 237 Mich App 74, 76-77; 601 NW2d 887 (1999). Accordingly, because defendant has failed to demonstrate that trial counsel's performance fell below an objective standard of reasonableness, *Sabin* (*On Second Remand*), 242 Mich App at 659, he is not entitled to relief.

Affirmed.

/s/ Stephen L. Borrello
/s/ Kurtis T. Wilder
/s/ Brock A. Swartzle