# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

BRYANT OTIS GRIGGS,

      Defendant-Appellant.

UNPUBLISHED
October 16, 2018

No. 338583
Wayne Circuit Court
LC No. 16-002818-01-FH

Before: MURRAY, C.J., and BORRELLO and RONAYNE KRAUSE, JJ.

PER CURIAM.

Following a jury trial, defendant was convicted of felonious assault, MCL 750.82, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. He was sentenced, as a third-offense habitual offender, MCL 769.11, to two to eight years for the felonious assault conviction and two years for the felony-firearm conviction. He appeals as of right. We affirm.

The jury convicted defendant based on its finding that defendant aimed a firearm at his neighbors and threatened to kill them. The events leading up to defendant's arrest began in March of 2016, after a ball landed in defendant's front yard. Defendant's neighbor, Chanelle Clark, and her three children lived next-door to defendant. Prior to the altercation that led to defendant's arrest, Clark had several interactions with defendant that made her feel uneasy, but none that involved verbal threats or the use of a weapon. Clark's brother, Malik Jones, was playing catch with two of Clark's children in Clark's front yard when the ball they were playing with landed in defendant's front yard. When Clark's son went to retrieve the ball, defendant emerged from his house and began screaming about how they were not allowed on his property. After the children ran inside seemingly distraught, Clark came outside to ask defendant what was wrong. Defendant continued to explain how he did not want anyone on his property. After a few minutes of speaking with defendant, Clark agreed to keep her children off of his property and defendant went back inside his house.

Clark remained on her porch discussing the situation with Jones, which prompted defendant to come back outside and continue screaming profanities at Clark. At this point, defendant reached into the front of his pants and pulled out a revolver. He pointed the revolver at the children and at Clark, threatening to kill all of them. Clark gathered her children and ran inside to call the police. When police officers arrived, they found defendant seated in a car that

-1-

was parked in his driveway. When officers searched him, they recovered a revolver on his person that matched the description given by Clark.

At trial, defense counsel repeatedly argued that the testimony given by Clark and Jones lacked credibility. He suggested that the discrepancies in their testimonies were the result of this being a fabricated story—especially as it pertained to defendant pointing a gun at Clark and her children. Counsel emphasized that Clark had shared numerous unpleasant interactions with defendant before this incident, and asked the jury to consider the possibility that Clark and Jones chose to embellish these events, so as to ensure that defendant would be arrested.

After closing arguments, the trial court instructed the jury regarding the charged offenses, including felonious assault. Defendant's trial counsel did not object to these instructions, nor did he request that a simple assault instruction be included. When the trial judge asked whether defense counsel was satisfied with the instructions as they were read, counsel responded affirmatively.

On appeal, defendant argues that he was denied the effective assistance of counsel by virtue of defense counsel not requesting an instruction on the lesser offense of simple assault.

To properly preserve an ineffective assistance of counsel argument, a defendant must move in the trial court for either a new trial or a *Ginther*[1] hearing; failure to make any such motion "ordinarily precludes review of the issue unless the appellate record contains sufficient detail to support the defendant's claim." *People v Sabin (On Second Remand)*, 242 Mich App 656, 658-659; 620 NW2d 19 (2000). Defendant did not move for a new trial or a *Ginther* hearing below. As such, this issue is not properly preserved.

This Court's review is limited to the facts contained in the record. *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). "The question whether defense counsel performed ineffectively is a mixed question of law and fact; this Court reviews for clear error the trial court's findings of fact and reviews de novo questions of constitutional law." *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012).

There is a presumption that counsel rendered effective assistance, and the heavy burden of proving otherwise belongs to the defendant. *People v LeBlanc*, 465 Mich 575, 578; 640 NW2d 246 (2002). To carry this burden, a defendant must prove two components. *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984). First, the defendant must demonstrate that defense counsel's representation was deficient. *Id*. A reviewing court makes this determination based on whether the trial attorney's "acts or omissions were outside the wide range of professionally competent assistance." *People v Vaughn*, 491 Mich 642, 670; 821 NW2d 288 (2012). "Stated differently, 'defendant must overcome the strong presumption that [trial] counsel's performance was born from a sound trial strategy.' " *People v Green*, 322 Mich App 676, 684; 913 NW2d 385 (2018), quoting *Trakhtenberg*, 493 Mich at 52 (alteration in original). Since counsel may need to take "calculated risks to win a case," counsel has wide discretion

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

when deciding what trial strategy to employ. *Heft*, 299 Mich App at 83. Furthermore, the fact that a given trial strategy ultimately fails does not retroactively render counsel's performance deficient. *People v Kevorkian*, 248 Mich App 373, 414-415; 639 NW2d 291 (2001).

A defendant must also show that counsel's performance resulted in prejudice. *Strickland*, 466 US at 687. To this end, "defendant must 'affirmatively prove prejudice' by showing 'a reasonable probability that, but for [trial] counsel's unprofessional errors, the result of the proceeding would have been different.' " *Green*, 322 Mich App at 684, quoting *Vaughn*, 491 Mich at 671 (alteration in original). If a defendant fails to establish either that counsel's performance was deficient or that it deprived the defendant of a fair trial, then counsel's assistance is considered to have been effective. *Strickland*, 466 US at 687.

As to the first *Strickland* prong, defendant has failed to show that counsel's performance was deficient. Not requesting an instruction on a lesser included offense can be a legitimate trial strategy. *People v Robinson*, 154 Mich App 92, 93-94; 397 NW2d 229 (1986); *People v Sardy*, 216 Mich App 111, 116; 549 NW2d 23 (1996). A defense attorney may decide not to request an instruction on a lesser offense if such a request might lessen the chance of outright acquittal. *Robinson*, 154 Mich App at 94.

The record reveals that defense counsel made continuous efforts at trial to convince the jury that Clark and Jones were lying about defendant's use of a firearm during the alleged assault. Counsel argued that, due to prior unsavory encounters with defendant that did not result in defendant's arrest, Clark and Jones fabricated their testimonies about defendant wielding a firearm to ensure defendant's arrest in this instance. It reasonably follows that counsel could have been seeking acquittal of the charges against defendant, all of which were premised on defendant's possession or use of a firearm, not just verbal threats. Accordingly, counsel might have elected not to request an instruction on simple assault out of concern that it would diminish the chance of a full acquittal, providing the jury with an alternative offense of which it might find defendant guilty even if it discredited the testimony about the .38 revolver. Furthermore, under the circumstances, it was reasonable for counsel to risk an all-or-nothing defense, and the fact that this strategy failed does not render counsel's performance deficient. See *Heft*, 299 Mich App at 83; *Kevorkian*, 248 Mich App at 414-415.

As to the second *Strickland* prong, defendant has failed to establish a reasonable probability that the outcome would have been different had the simple assault instruction been requested by counsel. Defendant is correct that simple assault is a lesser included offense of felonious assault.[2] However, even assuming, arguendo, that defendant would have received an

---

[2] In order to be necessarily included, the elements of the lesser offense must be subsumed within the elements of the greater offense. *People v Wilder*, 485 Mich 35, 41; 780 NW2d 265 (2010). Simple assault is committed whenever someone places another in reasonable apprehension of a battery by attempting a battery or some unlawful act. *People v Terry*, 217 Mich App 660, 662; 553 NW2d 23 (1996). Felonious assault is committed when one places another in reasonable apprehension of a battery through the use of dangerous weapon. MCL 750.82; *People v Avant*, 235 Mich App 499, 505; 597 NW2d 864 (1999). Moreover, "[f]elonious assault is defined as a

instruction on simple assault if counsel had requested it, defendant cannot demonstrate a reasonable probability that such an instruction would have altered the jury's verdict. "It is well established that jurors are presumed to follow their instructions." *People v Graves*, 458 Mich 476, 486; 581 NW2d 229 (1998). Thus, any contention that the jury would have convicted defendant of simple assault rather than the charged greater offense of felonious assault is misguided, since it can be presumed that the jury found sufficient evidence to convict defendant of felonious assault. If the evidence presented at trial did not prove beyond a reasonable doubt that defendant committed a felonious assault, then the jury would have acquitted defendant of that charge. Therefore, defendant has failed to show that there is a reasonable probability that the jury would *not* have reached the same conclusion had it been instructed regarding simple assault.

Affirmed.

/s/ Christopher M. Murray
/s/ Stephen L. Borrello
/s/ Amy Ronayne Krause

---

simple assault aggravated by the use of a weapon." *People v Jones*, 443 Mich 88, 100; 504 NW2d 158 (1993). Since its elements are subsumed within felonious assault, simple assault is a lesser included offense.