*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

GREGORY MICHAEL PERRY,

        Defendant-Appellant.

UNPUBLISHED
June 17, 2021

No. 351661
Montcalm Circuit Court
LC No. 2019-025269-FH

Before: BOONSTRA, P.J., and MARKEY and SERVITTO, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction of delivery of methamphetamine, second or subsequent offense, MCL 333.7401(2)(b)(*i*); MCL 333.7413. The trial court sentenced defendant to 80 months to 40 years' imprisonment for the conviction. We affirm.

In August 2018, a confidential police informant arranged to purchase methamphetamine at his cousin, Nichole Hart's home. Detective Flore of the Michigan State Police and the informant went to Hart's home and when they went inside, the informant gave $100 to Hart. Defendant thereafter retrieved a scale and methamphetamine from a bedroom, then measured out the substance. Detective Flore testified that Hart gave defendant a baggie in which to put the methamphetamine, although the informant testified that he did not see Hart give anything, including a baggie, to defendant. Defendant then offered "a hit" to Detective Flore and the informant, who declined.

Defendant testified that he had been staying with Hart for approximately a week at the time of the incident, and he had never spoken with the informant before this incident. Defendant testified that he did not know that Detective Flore or the informant were coming to the house that evening, and that Hart delivered the methamphetamine to them. Defendant admitted that he got a scale out for Hart, but denied using it to measure out methamphetamine. Defendant testified that he saw the informant and Hart exchange a baggie and money.

The jury ultimately found defendant guilty of delivery of methamphetamine. This appeal followed.

Defendant first argues that he was denied the effective assistance of counsel because defense counsel did not request a jury instruction for the lesser included offense of possession of a controlled substance. We disagree.

The question whether a defendant had the effective assistance of counsel is a mixed question of fact and constitutional law. *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). This Court reviews a trial court's findings of fact for clear error and reviews questions of law de novo. *Id.* However, as in this case, where a defendant did not move the trial court for a new trial or for a *Ginther*[1] hearing, this Court's review is limited to mistakes apparent on the trial record. *People v Lopez*, 305 Mich App 686, 693; 854 NW2d 205 (2014).

For a defendant to establish a claim of ineffective assistance of counsel, the defendant must show that counsel's performance was objectively deficient and that the deficient performance prejudiced the defense. *People v Fyda*, 288 Mich App 446, 450; 793 NW2d 712 (2010). A counsel's performance was deficient if it fell below an objective standard of reasonableness under prevailing professional norms. See *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). Counsel's performance prejudiced the defense if there is a reasonable probability that, but for the counsel's error, the outcome would have been different. See *id.* The decision whether to request a specific jury instruction is generally viewed as a matter of trial strategy, *People v Dunigan*, 299 Mich App 579, 584; 831 NW2d 243 (2013), and a defendant must overcome the strong presumption that counsel's performance was born from a sound trial strategy. *Trakhtenberg*, 493 Mich at 51.

A lesser included offense is one "in which the elements of the lesser offense are completely subsumed in the greater offense." *People v Mendoza*, 468 Mich 527, 532 n 3 (2003). Instructions on the lesser included offense are appropriate if the "charged greater offense requires the jury to find a disputed factual element that is not part of the lesser included offense and a rational view of the evidence would support it." *People v Cornell*, 466 Mich 335, 357; 646 NW2d 127 (2002). "[T]he elements of simple possession are completely subsumed within the elements of the greater offense of possession with intent to deliver a controlled substance." *People v Robar*, 321 Mich App 106, 131; 910 NW2d 328 (2017).

Here, defense counsel's actions demonstrate an effort to show the jury that the testimonies of Detective Flore and the informant did not support any conviction of defendant. Requesting an instruction on simple possession would have been inconsistent with this strategic attempt to have defendant fully acquitted. See *People v Robinson*, 154 Mich App 92, 94; 397 NW2d 229 (1986). Specifically, defendant testified that Hart possessed methamphetamine and gave it to the informant, while the informant and Detective Flore both testified that they saw defendant handle and deliver the methamphetamine. No version of these differing testimonies would support a finding that defendant merely possessed the methamphetamine rather than delivered it. There was no question that the substance that the informant took from Hart's home was methamphetamine, so the disputed issue in the case is not whether methamphetamine was actually delivered to the

---

[1] *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973).

informant and Detective Flore, but rather who did it. Defendant unequivocally testified that he did not even see methamphetamine until Hart purportedly gave it to the informant. Therefore, defendant has not established that defense counsel's decision to forgo a request for a lesser included jury instruction on possession was anything other than sound trial strategy. See *Dunigan*, 299 Mich App 579 at 584.

Defendant has also not provided any evidence that defense counsel's failure to request the jury instructions prejudiced him. See *Fyda*, 288 Mich App at 450. It was more likely that defendant would be acquitted by his complete denial of handling the methamphetamine than by allowing for a conviction on the basis of possession, when no rational view of the evidence presented a situation in which defendant possessed methamphetamine but did not deliver it. See *People v Silver*, 466 Mich 386, 388; 646 NW2d 150 (2002); *People v Smith*, ___ Mich App ___, ___; ___ NW2d ___ (2021) (Docket No. 346044), slip op at 11-12. That defense counsel's strategy was not ultimately successful does not render it ineffective. See *People v Petri*, 279 Mich App 407, 412; 760 NW2d 882 (2008). Defendant was thus not denied the effective assistance of counsel. See *Fyda*, 288 Mich App at 450.

Defendant argues next that the trial court erred by assessing 10 points for offense variable (OV) 14. We disagree.

This Court reviews de novo whether a trial court properly interpreted and applied sentencing guidelines. *People v McGraw*, 484 Mich 120, 123; 771 NW2d 655 (2009). This Court reviews for clear error the trial court's factual findings in support of the points that the trial court assesses. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). Clear error exists when this Court is left with a definite and firm conviction that the trial court made a mistake. *People v Buie*, 491 Mich 294, 315-316; 817 NW2d 33 (2012). A defendant is entitled to resentencing when an error in calculating sentencing guidelines occurred. *People v Francisco*, 474 Mich 82, 90-91; 711 NW2d 44 (2006).

A trial court is to assess 10 points for OV 14 when "the offender was a leader in a multiple offender situation." MCL 777.44(1)(a). If the offender was not a leader in a multiple offender situation, the trial court should assign zero points. MCL 777.44(1)(b). A "multiple offender situation" is a situation consisting of more than one person violating the law while part of a group. *People v Jones*, 299 Mich App 284, 287; 829 NW2d 350 (2013), vacated in part on other grounds 494 Mich 880 (2013). For purposes of OV 14, a leader is a person who "acted first or gave directions, or was otherwise a primary causal or coordinating agent." *People v Dickinson*, 321 Mich App 1, 22; 909 NW2d 24 (2017).

Detective Flore testified that the informant set up the transaction with Hart, rather than defendant, and that Detective Flore was surprised to see defendant at the home when he and the informant arrived. However, the informant testified that he had messaged with both Hart and defendant and that he went to the home to buy methamphetamine from defendant. The jury was free to believe in whole or in part any witness testimony. *People v Unger*, 278 Mich App 210, 232; 749 NW2d 272 (2008).

Both Detective Flore and the informant testified that the informant gave the money to Hart, after which defendant retrieved the methamphetamine and measured it out. Defendant testified

that he had been at Hart's house for only a week at the time of the transaction, yet he entered a bedroom in Hart's house to retrieve the methamphetamine. Detective Flore testified that Hart provided a baggie for the methamphetamine, and the informant testified that Hart and defendant never spoke about how much methamphetamine to give the informant in exchange for the money Hart received. Defendant also offered Detective Flores and the informant a "hit" of the substance. Defendant was thus a person who "acted first or gave directions, or was otherwise a primary causal or coordinating agent," *Dickinson*, 321 Mich App at 22, and the trial court did not clearly err by assigning 10 points for OV 14.

Defendant also argues that the trial court erred by failing to individualize defendant's sentence. We disagree.

MCL 769.34(10) provides that this Court "shall affirm" a sentence that is within the appropriate guidelines sentence range if there is not an error in scoring the sentencing guidelines and the trial court did not rely on inaccurate information in sentencing the defendant. Sentencing guidelines are advisory, and although a trial court must "determine the applicable guidelines range and take it into account when imposing a sentence," it is not required to sentence a defendant within that range. *People v Lockridge*, 498 Mich 358, 365; 870 NW2d 502 (2015). A trial court must articulate its reasoning for imposing a defendant's sentence on the record at the time of the sentencing, but it is enough for a trial court to rely on the sentencing guidelines. *People v Conley*, 270 Mich App 301, 313; 715 NW2d 377 (2006).

The trial court specifically explained why it was imposing the sentence it did and then sentenced defendant within the sentencing guidelines as they were calculated at the time of sentencing. See *People v Anderson*, 322 Mich App 622, 636-637; 912 NW2d 607 (2018); *Milbourn*, 435 Mich at 651. The trial court acknowledged the sentencing guidelines and discussed defendant's specific offense and history. The trial court considered defendant's statements and explained its reasoning for sentencing within the guidelines. Therefore, this Court is required to affirm defendant's sentence, and defendant is not entitled to resentencing.

Defendant lastly argues that MCL 769.1k(1)(b)(*iii*), which authorized the trial court's imposition of court costs, is an unconstitutional infringement upon a defendant's due process rights. We disagree.

This Court reviews de novo the constitutionality of a statute. *People v Roberts*, 292 Mich App 492, 496; 808 NW2d 290 (2011). However, when the issue is unpreserved, this Court reviews the issue for plain error affecting a defendant's substantial rights. *People v Vandenberg*, 307 Mich App 57, 61; 859 NW2d 229 (2014). A statute is presumed to be constitutional unless its unconstitutionality is clearly apparent. *People v Deroche*, 299 Mich App 301, 305; 829 NW2d 891 (2013). The party challenging the constitutionality of a statute has the burden of proving the law's invalidity. *People v Sadows*, 283 Mich App 65, 67; 768 NW2d 93 (2009).

The United States Constitution provides that no state shall "deprive any person of life, liberty, or property without due process of law." US Const, Am XIV. "The Due Process Clause entitles a person to an impartial and disinterested tribunal in both civil and criminal cases." *Marshall v Jerrico, Inc*, 446 US 238, 242; 100 S Ct 1610; 64 L Ed 2d 182 (1980). "It is axiomatic that a fair trial in a fair tribunal is a basic requirement of due process." *Caperton v AT Massey*

*Coal Co, Inc*, 556 US 868, 876; 129 S Ct 2252; 173 L Ed 2d 1208 (2009) (quotation marks and citation omitted). However, statutes are not unconstitutional solely on the basis of being unfair, *People v Boomer*, 250 Mich App 534, 538; 655 NW2d 255 (2002), nor solely because they might be improperly administered, *People v Kirby*, 440 Mich 485, 493; 487 NW2d 404 (1992).

"A constitutional challenge to the validity of a statute can be brought in one of two ways: by either a facial challenge or an as-applied challenge." *In re Forfeiture of 2000 GMC Denali and Contents*, 316 Mich App 563, 569; 892 NW2d 388 (2016). A party challenging the facial constitutionality of a statute must establish that no circumstances exist under which the statute would be valid. *People v Wilder*, 307 Mich App 546, 556; 861 NW2d 645 (2014). An as-applied challenge "alleges a present infringement or denial of a specific right or of a particular injury in process of actual execution of government action." *Bonner v City of Brighton*, 495 Mich 209, 223 n 27; 848 NW2d 380 (2014) (quotation marks and citation omitted).

MCL 769.1k(1)(b)(*iii*) provides that once a trial court determines that a defendant is guilty after a trial or plea, it may impose:

> any cost reasonably related to the actual costs incurred by the trial court without separately calculating those costs involved in the particular case, including, but not limited to, the following:
>
> > (A) Salaries and benefits for relevant court personnel.
> >
> > (B) Goods and services necessary for the operation of the court.
> >
> > (C) Necessary expenses for the operation and maintenance of court buildings and facilities.

Defendant argues that the statute is unconstitutional and violates defendants' due-process rights because trial courts "cannot maintain a criminal defendant's rights to appear before a judge who is and who appears impartial" when the trial courts remain under pressure to generate revenue. This claim constitutes a facial challenge to the constitutionality of the statute because defendant has not explained how the statute specifically affected his particular trial judge.

This Court recently specifically addressed the facial constitutionality of MCL 769.1k(1)(b)(*iii*) in *People v Johnson*, ___ Mich App ___, ___; ___ NW2d ___ (2021) (Docket No. 351308). This Court held that MCL 769.1k(1)(b)(*iii*) is constitutional because it requires that the costs that a trial court imposes must have a basis in the costs incurred by the court and does not authorize the trial courts to administer the collected revenue. *Id.*, slip op at 6. Further, this Court explained that although a trial court's use of funds generated pursuant to MCL 769.1k(1)(b)(*iii*) may "create at minimum an appearance of impropriety," it does not establish that there is no set of circumstances in which the statute is constitutional. *Id.* This Court also explained that while MCL 769.1k(1)(b)(*iii*) generates revenue, it does not direct the flow of money or create a funding system for the trial courts. *Id.* slip op at 7. The *Johnson* decision is not only binding authority (MCR 7.215(C)(2)), it is also consistent with the Michigan Constitution provision that "[n]o judge or justice of any court of this state shall be paid from the fees of his office nor shall the amount of his salary be measured by fees, other moneys received or the amount of judicial

activity of his office." Const 1963, art 6, § 17.  In short, defendant has not established that the statute is facially unconstitutional.

Affirmed.

/s/ Mark T. Boonstra
/s/ Jane E. Markey
/s/ Deborah A. Servitto