*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CESAR ALEXANDER ECHEGOYEN,

        Defendant-Appellant.

UNPUBLISHED
September 15, 2022

No. 349301
Oakland Circuit Court
LC No. 2018-268800-FH

ON REMAND

Before: REDFORD, P.J., and BORRELLO and CAMERON, JJ.[1]

PER CURIAM.

This case returns to this Court on remand from our Supreme Court. The matter was submitted to this panel which earlier denied the appeal as moot. *People v Echegoyen*, unpublished per curiam opinion of the Court of Appeals, issued June 17, 2021 (Docket No. 349301). Defendant appealed to our Supreme Court and after his counsel told our Supreme Court that he had, in fact, been in contact with his client, the matter was sent back to us for plenary review. *People v Echegoyen*, ___ Mich ___; 970 NW2d 342 (2022). We discern no errors in the jury trial conviction of defendant and therefore, for the reasons set forth in this opinion, we affirm.

As indicated in our earlier opinion in this matter, this case arises out of defendant entering a dwelling without permission on October 7, 2018, at 67 South Shirley in Pontiac, Michigan, where Maria Chacon has lived since 2014. Defendant and Chacon were romantically involved from 2016 to 2018, but in March or June of 2018, Chacon and defendant broke up and defendant moved out. Defendant returned his key to Chacon and picked up some of his belongings from her house. Defendant appeared uninvited at Chacon's house in the evening on October 7, 2018, by pounding on the three doors that led into Chacon's house, and by pounding on the windows. When Esteban Morales, Chacon's husband, heard defendant pounding on the doors and windows, he told Chacon

---

[1] By blind draw, Judge Cameron replaced Judge Tukel.

to call the police before he went into hiding somewhere on the second floor of Chacon's house. Morales did so because of a threatening phone call that he answered prior to defendant arriving at the house where defendant said he was going to beat up Morales. Chacon immediately called 911.[2]

Defendant started walking to his van when Chacon momentarily opened the front door to tell him that the police were on their way so he should leave. When defendant saw Chacon open the front door, he ran back towards it and pushed his way into Chacon's home. When defendant found Morales, defendant struck him in the face and on the head. Morales sustained injuries to his forehead, eyes, nose, back, and shoulders; defendant caused all of Morales's injuries.

After a three-day jury trial, the jury found defendant guilty of first-degree home invasion but acquitted him of domestic violence and assault and battery. The trial court subsequently sentenced defendant to 16 months to 20 years' imprisonment.

Following defendant's conviction and sentence in the Oakland Circuit Court, a federal grand jury indicted defendant for the felony of unlawful entry after removal. The indictment alleged that defendant was an alien who had previously been excluded, deported, and removed from the United States on or about February 4, 2014, and then he was found in, or attempted to re-enter, the United States in violation of 8 USC 1326(a). Defendant pleaded guilty to the charge and, on October 2, 2019, the federal court, in lieu of a sentence to a correctional facility, remanded defendant to the custody of the United States Marshals Service.

Defendant initially appealed the judgment of conviction and sentence for unlawful re-entry after removal to the United States Sixth Circuit Court of Appeals, but defendant's appellate counsel moved to withdraw the appeal because of the deportation order and because appellate counsel could not reach defendant. *United States v Echegoyen*, unpublished order of the United States Court of Appeals for the Sixth Circuit, entered November 25, 2019 (Case No. 19-2230). The Sixth Circuit granted appellate counsel's motion to withdraw because "defendant is no longer at his last known mailing address, that Immigration and Customs Enforcement has removed him from the United States, and that service of the motion to withdraw is not possible." *United States v Echegoyen*, unpublished order of the United States Court of Appeals for the Sixth Circuit, issued November 25, 2019 (Case No. 19-2230). The Sixth Circuit subsequently issued an order dismissing the appeal for want of prosecution. *United States v Echegoyen*, unpublished order of the United States Court of Appeals for the Sixth Circuit, entered December 31, 2019 (Case No. 19-2230).

---

[2] The trial court admitted a recording of Chacon's 911 call into evidence as Exhibit 3, and the prosecution played the recording for the jury. In the three-minute, two-second call, Chacon is heard telling the 911 dispatcher that someone was attempting to get into her home. Chacon also said that this person was saying things to her, and that she wanted him to leave but he was refusing to leave. At some point during the recording, defendant's voice can be heard asking, "Where is he?" while Chacon was telling him to not come inside and imploring him to leave. A loud commotion follows, and Chacon can be heard yelling, "Oh my god!"

In this appeal, defendant claims that he is entitled to a new trial because he was denied his constitutional right to effective assistance of counsel when trial counsel failed to request an instruction on entering without permission as a lesser-included offense of first-degree home invasion.

To establish ineffective assistance of counsel, a defendant must show: (1) the trial counsel's performance was objectively deficient, and (2) the deficiencies prejudiced the defendant. Prejudice means "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *People v Randolph*, 502 Mich 1, 9; 917 NW2d 249 (2018), quoting *Strickland v Washington*, 466 US 668, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984) (quotation marks and citations omitted).

Under the objective reasonableness prong of the *Strickland* test, "[t]here is a presumption that counsel was effective, and a defendant must overcome the strong presumption that counsel's challenged actions were sound trial strategy." *People v Cooper*, 309 Mich App 74, 80; 867 NW2d 452 (2015); see also *Strickland*, 466 US at 689 ("[A] court must indulge in a strong presumption that counsel's conduct falls within the range of reasonable assistance."). This standard requires a reviewing court "to affirmatively entertain the range of possible 'reasons . . . counsel may have had for proceeding as they did.' " *People v Vaughn*, 491 Mich 642, 670; 821 NW2d 288 (2012), quoting *Cullen v Pinholster*, 563 US 170, 196; 131 S Ct 1388; 179 L Ed 2d 557 (2011).

Defendant contends that trial counsel should have requested that the jury be instructed on entering without permission, which is a lesser-included offense of first-degree home invasion. *People v Silver*, 466 Mich 386, 392; 646 NW2d 150 (2002). However, the decision to not request the trial court to instruct the jury on a lesser-included offense can constitute sound trial strategy, *People v Sardy*, 216 Mich App 111, 116; 549 NW2d 23 (1996), and "[t]he decision to proceed with an all or nothing defense is a legitimate trial strategy," *People v Nickson*, 120 Mich App 681, 687; 327 NW2d 333 (1982).

The relevant elements of breaking and entering or entering without breaking are that (1) the defendant entered without breaking any dwelling, (2) without permission from the owner. MCL 750.115(1). The elements of first-degree home invasion are: (1) that the defendant broke and entered into a dwelling or entered a dwelling without permission; (2) that when the defendant did so, he either intended to commit a felony, larceny, or assault, or he actually committed a felony, larceny, or assault while entering, being present in, or exiting the dwelling; and (3) that defendant was armed with a dangerous weapon or another person was lawfully in the dwelling. MCL 750.110a(2). The recording of Chacon's 911 call clearly indicates that Chacon told defendant not come inside her house and implored him to leave. Moreover, Deputy Tomaszewski testified that Chacon specifically told him she did not allow defendant to enter her house. Notably, defendant admitted that although Chacon told him not to go inside her house, he went in there anyway. Therefore, as a practical matter, defendant had no viable defense to entering without permission, and if it had been presented to the jury, there is a substantial and reasonable probability that he would have been convicted.

Rather than proceed with a defense strategy that would in all likelihood result in a conviction, trial counsel pursued a defense that had the potential to result in defendant being

acquitted on all three charges. In furtherance of that strategy, trial counsel contended that Chacon and Morales fabricated the charges given that defendant went to Chacon's house for a legitimate purpose—to retrieve his ID and winter clothes—and entered Chacon's house lawfully and without criminal intent when Chacon opened the door. Trial counsel also argued that defendant neither pushed nor attacked Chacon as he entered her house. Requesting an instruction regarding the lesser included offense of entry without permission would have been inconsistent with trial counsel's strategy of trying to convince the jury that defendant entered Chacon's house *with* permission and without criminal intent. The record thus reveals that trial counsel elected an all or nothing defense—defendant had expressed or implied permission to enter Chacon's house, or at the very least, he reasonably believed he had such permission—and this Court has specifically recognized that an all or nothing defense is a legitimate trial strategy. *People v Allen*, 331 Mich App 587, 610, 953 NW2d 460 (2020), citing *Nickson*, 120 Mich App at 687. See also *People v Robinson*, 154 Mich App 92, 94; 397 NW2d 229 (1986) (When the defense's trial strategy is to obtain an outright acquittal, an instruction or argument on a lesser offense may reduce the defendant's chance of acquittal).

Further, "many calculated risks may be necessary in order to win difficult cases." *People v Unger*, 278 Mich App 210, 242; 749 NW2d 272 (2008). The fact that the strategy was not completely successful does not mean trial counsel was ineffective for using it. *People v Petri*, 279 Mich App 407, 412; 760 NW2d 882 (2008). Here, although defendant was convicted of first-degree home invasion, trial counsel nonetheless succeeded in securing acquittals on defendant's two assault charges. "We will not substitute our judgment for that of counsel on matters of trial strategy, nor will we use the benefit of hindsight when assessing counsel's competence." *Unger*, 278 Mich App at 242-243. Accordingly, defendant's ineffective assistance of counsel claim is without merit.

Defendant also argues that he is entitled to a new trial because the jury's guilty verdict on first-degree home invasion was inconsistent with defendant's domestic violence and assault and battery acquittals.

Although this Court generally reviews questions regarding inconsistent verdicts de novo, *People v Russell*, 297 Mich App 707, 722; 825 NW2d 623 (2012), "because defendant's issue is unpreserved, this Court reviews the issue for plain error affecting his substantial rights," *People v Perry*, 317 Mich App 589, 600; 895 NW2d 216 (2016). A finding of plain error requires (1) an error to have occurred that was (2) clear or obvious and that (3) affected defendant's substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). An error affects substantial rights when it affects the outcome of the proceedings, and reversal is only warranted if the error leads to "the conviction of an actually innocent defendant," or where an error affects the "fairness, integrity, or public reputation" of the judicial proceedings. *Id*. at 763-764.

It is well established that, within a single jury trial, inconsistent verdicts are permissible and do not require reversal. *People v Wilson*, 496 Mich 91, 100-101; 852 NW2d 134 (2014), abrogated on other grounds by *Bravo-Fernandez v United States*, ___ US ___; 137 S Ct 352; 196 L Ed 2d 242 (2016). "[J]uries are not held to any rules of logic nor are they required to explain their decisions." *Id*. at 101 (citation omitted). The defendant bears the burden of establishing that inconsistency in a jury's verdicts resulted from confusion, misunderstood instructions, or that the

jury engaged in an impermissible compromise. *People v Putman*, 309 Mich App 240, 251; 870 NW2d 593 (2015).

Here, defendant acknowledges that, although the jury asked the trial court to clarify the definition of assault, the trial court provided supplemental instructions in response to the jury's questions. Moreover, the jury's verdicts are not inherently inconsistent. Evidence indicated that Morales sustained injuries to his forehead, eyes, nose, back, and shoulders, and defendant caused all of those injuries after entering Chacon's house without permission. It is possible that the jury could not determine whether defendant or Morales initiated the fight upstairs but found that defendant was guilty of first-degree home invasion because he entered Chacon's house without permission with the intent to commit an assault based on his threat to beat up Morales over the phone prior to arriving at the house. Accordingly, this issue does not entitle defendant to appellate relief.

Moreover, a rational view of the jury's verdict here indicates that the jury found that defendant entered Chacon's house with the intent to commit an assault and battery and/or domestic violence based on his threat to beat up Morales over the phone, but the jury could not conclude beyond a reasonable doubt that defendant initiated the assault or put his hand on Chacon while inside. Pursuant to the first-degree home invasion statute and its elements, defendant need only enter with the intent to commit an assault (or actually commit an assault while inside), and the jury could conclude he had such intent based on his threat to beat up Morales over the phone. Defendant thus failed to establish plain error in the trial court's acceptance of the guilty verdict on first-degree home invasion where the verdict was arguably inconsistent with the other verdicts. Accordingly, defendant is not entitled to relief on this issue.

Affirmed.

/s/ James Robert Redford
/s/ Stephen L. Borrello
/s/ Thomas C. Cameron